(No. 7163. April 14, 1944.)

RUTH RUSSELL, Appellant, v. MARCUS E. COX, Incompetent, by Leonard D. Cox, His Guardian, Respondent.

[148 Pac. (2d) 221.]

Rehearing denied May 8, 1944.

Ralph L. Albaugh and E. H. Hillman for appellant.

Jones, Pomeroy & Jones and J. H. Andersen for respondent.

AILSHIE, J.—This is an appeal from a judgment sustaining demurrer to plaintiff's complaint and dismissing her action. The complaint alleges:

"That the plaintiff, Ruth Russell, is the mother, and the defendant, Marcus E. Cox, is the surviving husband of Lottie Melvina Cox, deceased; that the decedent died childless, and she was pre-deceased by her father; that the said plaintiff and the said defendant are all of the heirs at law of the said decedent.

"That the defendant, Marcus E. Cox, on or about the 16th of July, 1942, with force of arms, did wrongfully shoot and mortally wound the plaintiff's daughter, Lottie Melvina Cox, of which mortal wound her said daughter, on the 16th day of July, 1942, died; . . . ."

The action was instituted under sec. 5-311, I. C. A., which reads as follows:

"When the death of a person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death; or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all the circumstances of the case may be just."

Respondent contends that "at common law a tort committed by one spouse against the person or character of the other does not give rise to a cause of action in favor of the injured spouse." It is further contended that "In action for death [sec. 5-311] by wrongful act the act must have been such as would have entitled injured party to maintain an action therefor if death had not ensued."

On the other hand, appellant contends that the statute (sec. 5-311, I. C. A.) creates "a new cause of action. . . . for the benefit of a third person"; and that it did not accrue to the deceased in his lifetime but accrued only immediately following his death.

We had the consideration of this statute before us in *Whitley v. Spokane, etc., Ry. Co.*, 23 Ida. 642, 658, 132 P. 121, and held, among other things, that "The cause of action is not anything that ever belonged to the decedent or to

his estate. It never accrued to the decedent." In the course of our discussion of the question involved, it was said:

"This brings us to a consideration of the nature of this cause of action and the status of respondent in the courts of Idaho. Sec. 4100 of the Rev. Codes [now sec. 5-311, I. C. A.] authorizes the prosecution of an action by the 'heirs or personal representatives' of a deceased person against a person wrongfully causing the death of such person, and any judgment obtained in such an action inures to the benefit of the heirs of the decedent, and in no case becomes a part of the assets of the estate of the deceased. Except for this statute, no such action could be prosecuted in this state and no such cause of action could accrue in this state. [Citing cases]. The legislature had this power to confer this right on any heir or representative it saw fit to name or withhold the authority altogether. (*Maysville Street R. R. & T. Co. v. Marvin,* 59 Fed. 91, 8 C. C. A. 21.) The cause of action is not anything that ever belonged to the decedent or to his estate. It never accrued to the decedent. The action is allowed upon the theory that the wrongful death of the ancestor works a personal injury to his heirs, in that it deprives them of some pecuniary or other benefit which they would have received except for the death of the ancestor. The statute confers this right of action on the heirs, and it gives it directly to them or a personal representative such as an executor or administrator, and when such representative prosecutes the action, he does so as *trustee for the heirs.*"

That case was taken to the Supreme Court of the United States (*Spokane & I. E. R. Co. v. Whitley,* 237 U. S. 487, 59 L. ed. 1060), on writ of certiorari and was presented to that court on the theory, that the Idaho decision failed to give full faith and credit to the judgment of a sister state, in violation of "the full faith and credit clause" of the Federal Constitution. In the course of the discussion in the opinion in that case, Mr. Justice Hughes, speaking for the court, said:

"The construction of that statute by the supreme court of Idaho, with respect to the nature of the right of action created, is in accord with the accepted view of statutes similar to Lord Campbell's act. The recovery authorized is not for the benefit of the 'estate' of the decedent; the proceeds of the recovery are not assets of the estate. Where

the personal representative is entitled to sue, it is only as trustee for described persons,—the 'heirs' of the decedent. The action, says the supreme court of Idaho, is allowed upon the theory that the wrongful killing of the ancestor 'works a personal injury to his heirs.' They are the sole beneficiaries. The 'heirs' are those who, under the laws of Idaho, take in cases of intestacy; here, it is conceded that these heirs were the widow and mother of the deceased, taking equally."

 Here it is admitted that appellant and respondent are the only heirs of Lottie Melvina Cox, deceased. Appellant is, therefore, entitled under the statute (sec. 5-311) to prosecute this action. It is not a survival action, but an action, the right to prosecute which did not accrue in the lifetime of decedent but only upon her death. In other words, this right of action did not accrue to Lottie Melvina Cox or her estate. *At the time of the accrual of the present action, the relation of husband and wife* (between Marcus E. Cox, respondent, and Lottie Melvina Cox) *had been terminated* and no longer existed. For that reason, it becomes wholly unnecessary for us to consider the contention made by respondent, that an action in tort can not be maintained in this state by a wife against her husband. The recovery, if any, from the action, can not be community property.

 The circumstance that, where death results from the wrongful act of another, the injured party may in his lifetime sue for damages or compromise his cause of action for personal injuries, does not in any way militate against the right of the heirs or personal representatives of the decedent to prosecute their independent action for her wrongful death. In other words, the cause of action, which accrued to the injured party during her lifetime, may be prosecuted or compromised by the injured party and the receipts inure to the benefit of her estate; whereas, the right of action, which *accrues on the death* of the injured party, can only be prosecuted by her "heirs or personal representatives" and does not benefit the estate.

For well considered cases discussing similar statutes and the grounds on which recovery may be had, see *Kaczorowski v. Kalkosinski*, 32 Pa. 438, 184 Atl. 663, 664, 104 A. L. R. 1267; *Rowe v. Richards*, 35 S. D. 201, 151 N. W. 1001, 1003, L. R. A. 1915E 1075, Ann. Cas. 1918A 294; *Oliveria v. Oliveria*, 305 Mass. 297, 25 N. E. (2d) 766, 768; *Breed*

*v. Atlanta B. & C. R. Co.,* 241 Ala. 640, 4 So. (2d) 315; *Mahoning Valley Ry. Co. v. Van Alstine,* 77 Ohio St. 395, 83 N. E. 601, 604, 14 L. R. A., N. S. 893; *Burk v. Arcata & M. R. R. Co.,* 125 Cal. 364, 57 P. 1065, 1066, 73 Am. St. R. 52; see also 16 Am. Jur., sec. 61, pp. 48-49, and notes; *Pezzulli v. D'Ambrosia,* 344 Pa. 643, 26 Atl. (2d) 659; *Robinson's Admr. v. Robinson,* 188 Ky. 49, 220 S. W. 1074; *S. & N. A. R. Co. v. Sullivan,* 59 Ala. 272, 281; 16 Am. Jur., sec. 82, p. 63.

The following cases, cited by respondent, illustrate the distinctions (on which we express no opinion) that have been drawn by many courts, under varying statutes similar in whole or in part to ours: *Austin v. Austin,* 136 Miss. 61, 100 So. 591, 33 A. L. R. 1388; *In re Dolmadge's Estate,* 203 Iowa 231, 212 N. W. 553; *Wilson v. Barton,* 153 Tenn. 250, 283 S. W. 71; *Osburn, Admr. v. Keister's Ex'rs.,* 123 Va. 157, 96 S. E. 315, 1 A. L. R. 439; *Kelly v. Williams,* 94 Mont. 19, 21 P. (2d) 58; *Wilson v. Brown,* Tex. Civ. App., 154 S. W. 322; *Childs v. Childs,* Tex. Civ. App., 107 S. W. (2d) 703; *Aldrich v. Tracy,* 222 Ia. 84, 269 N. W. 30; *David v. David,* 161 Md. 532, 157 Atl. 755, 81 A. L. R. 1100; *Maine v. James Maine & Sons Co.,* 198 Ia. 1278, 201 N. W. 20, 37 A. L. R. 161; *Thompson v. Thompson,* 218 U. S. 611, 31 S. Ct. 111, 54 L. ed. 1180, 30 L. R. A., N. S., 1153, 21 Ann. Cas. 921; *Ness v. Coffer,* 42 Ida. 78, 87, 244 P. 145; *McKinney v. McKinney,* (Wyo.) 135 P. (2d) 940.

Sec. 5-311, I. C. A., which was formerly sec. 4100 of the Rev. Statutes of 1887, was originally enacted by the Territorial Legislature at its 1881 session (Sec. 192, p. 36, of the Terr. Code of Civ. Proc. of 1881). This statute was evidently copied from sec. 377 of the Code of Civ. Procedure of California (Kerr's C. C. P., sec. 377, Amendments 1873, 1874, p. 294) ; see *Holt v. Spokane, etc., Ry. Co.,* 3 Ida. 703, at 712, 35 P. 39.

The California court has consistently held that this statute creates a new right in favor of the heirs and personal representatives unknown to the common law, and in *Earley v. Pacific Elec. Ry. Co.,* 176 Cal. 79, L. R. A. 1918A 997, 167 P. 513, the California supreme court held in effect that:

". . . . the husband's execution prior to his death of a release for damages from the injury which finally resulted

fatally will not bar the widow's right of action" (See syllabus) and further said:

"Our statute creates a new right of action with a different measure of damage from that which accrued to the injured person as a result of the defendant's wrongdoing. The right of action is to the heirs or representatives of the deceased and the elements of damage (without here attempting to specify them all) include in the case of the widow an admeasurement of the financial loss occasioned to her by the death of her husband through the deprivation of his society, comfort, and protection."

The contention, that our death statute provides a substituted and not a new right of action, is wholly untenable. (See *Tiffany on Death by Wrongful Act,* 2d ed., sec. 23, p. 29 ;*Marks v. Reissinger,* 35 Cal. App. 44, 169 P. 243, 247; *Kaczorowski v. Kalkosinski,* 321 Pa. 438, 184 Atl. 663, 664, 104 A. L. R. 1267; *Vaughn v. Bunker Hill & Sullivan M., etc. Co.,* 126 Fed. 895, 896; *Little v. Ireland,* D. C., 30 Fed. Supp. 653.)

It is true, as said by the supreme court in *Northern Pacific Ry. Co. v. Adams,* 192 U. S. 440, 48 L. ed. 513, that, "They [the heirs] claim under him [deceased], and they can recover only in case he could have recovered damages had he not been killed, but only injured." That is to say, the cause of action arises out of the same state of facts, whether prosecuted by the injured party during his lifetime or by his heirs after his death; but the heirs must prove the additional fact, that the decedent died as a result of the wrongful or negligent act. Whether prosecuted by the injured party during his lifetime or by the heirs after his death, it must be shown, under our statute, that the injury was the result of a wrongful or negligent act. The *right of action,* however, in the one case arises in favor of the injured party and, in the other case, the right of action is conferred upon his "heirs or legal representatives."

If the facts, out of which the right of action accrued to the injured party, (aside from capacity to sue) are not such as would have enabled him to prosecute an action in his lifetime, of course they would not be sufficient to authorize the prosecution of an action by his heirs after his death. In the one case, any judgment obtained would inure to the benefit of the injured party during his lifetime and enhance his estate on his death; whereas, a judgment ob-

tained by his heirs would inure exclusively to their benefit and not to the benefit of the estate.

The opinions of this court in *Sprouse v. Magee,* 46 Ida. 622, 269 P. 993, and *Helgeson .v. Powell,* 54 Ida. 667, 34 P. (2d) 957, are not thought to be in conflict with the views herein expressed. A careful examination of each of those cases discloses that the decisions turned on entirely different questions from that presented in this case.

The judgment of the trial court is reversed and the cause is remanded with direction to overrule the demurrer and to take further proceedings in accordance with the views herein expressed. Costs to appellant.

Givens and Dunlap, JJ., concur.

Holden, C. J., dissents.