407 P.2d 946

Ozella HARRINGTON, d/b/a Kimbrough Trucking Company, and Raymond B. Smith, Appellants,

v.

Howard FLANDERS and Dorothy Flanders, husband and wife; George M. Bucklin as Administrator of the Estate of George O. Bucklin, Deceased, George M. Bucklin, as Special Administrator of the Estate of Grace G. Bucklin, Deceased, and R. J. Pinkerton and Dorothy Pinkerton, husband and wife, Appellees.*

No. 2 CA–CIV 45.

Court of Appeals of Arizona.

Nov. 22, 1965.

Rehearing Denied Jan. 18, 1966.
Review Denied Feb. 16, 1966.

Lesher, Scruggs, Rucker, Kimble & Lindamood, by Robert O. Lesher, Tucson, for appellants.

John P. Somers, Tucson, for appellees.

---

* This appeal was filed with the Arizona Supreme Court and assigned that Court's No. 7796. The matter was referred to this Court pursuant to § 12–120.23 A.R.S.

HATHAWAY, Judge.

This appeal was taken from judgments and post-judgment orders in two automobile accident cases which had been consolidated for trial in the Superior Court of Pima County. The first was cause number 65892, entitled "Howard Flanders, et ux. v. Ozella Harrington, et al.;" the second was cause number 66056, entitled "George M. Bucklin, et al. v. Raymond B. Smith, et al." The appellants were defendants in both cases.

The appeal from the judgment and order in cause number 65892 has been dismissed on stipulation of counsel. The only appeal pending is that taken from a judgment entered against appellants in cause number 66056 in favor of the estates of the Bucklins.

George O. Bucklin and Grace B. Bucklin, husband and wife, were injured in an automobile accident on the Benson Highway on February 25, 1960. A suit was instituted against appellants for the injuries sustained by the Bucklins. George died before the suit was filed; Grace died after filing but before trial. Neither death resulted from these injuries and it is unnecessary to discuss the details of the automobile accident as they are not germane to this appeal.

The single question presented for our consideration is whether the Bucklins' estates may recover damages for pain and suffering caused the Bucklins by the accident? Appellants urge this court to modify the judgment by striking therefrom the damages allowed for pain and suffering. They rely entirely upon A.R.S. § 14–477, which provides:

> "Every cause of action, except a cause of action for damages for breach of promise to marry, seduction, libel, slander, separate maintenance, alimony, loss of consortium or the invasion of the right of privacy, shall survive the death of the person entitled thereto or liable therefor, and may be asserted by or against the personal representative of such person, *provided that upon the death of the person injured, damages*

> *for pain and suffering of such injured person shall not be allowed."* (Emphasis supplied.)

Appellees maintain that the pain and suffering proviso in the statute is unconstitutional. Should its constitutionality be upheld, however, they concede that recovery for pain and suffering would be precluded in the husband's action since it was commenced after his death. They claim, nevertheless, that the statute does not bar recovery for pain and suffering in the wife's action since it was pending at the time of her death. The statute clearly provides that damages shall not be allowed for pain and suffering upon the death of the injured person; no exception is made where the action pends.

Appellees contend that the pain and suffering proviso is contrary to the following provisions of the Arizona Constitution:

> "No law shall be enacted in this State limiting the amount of damages to be recovered for causing the death or injury of any person." Art. 2 § 31, A.R.S.

> "The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation." Art. 18 § 6.

> "The provisions of this Constitution are mandatory, unless by express words they are declared to be otherwise." Art. 2 § 32.

 Only such common law rights and remedies as existed at the time of the adoption of the Constitution are preserved. See *Industrial Commission v. Frohmiller,* 60 Ariz. 464, 468, 140 P.2d 219 (1943). At common law a cause of action for personal injuries abated upon the death of the injured party. *McClure v. Johnson,* 50 Ariz. 76, 82, 69 P.2d 573 (1937); *McLellan v. Automobile Ins. Co. of Hartford, Conn.,* 80 F.2d 344, 348 (9th Cir. 1935); 1 C.J.S. Abatement and Revival §§ 115, 132, 138.

■ We find appellees in the anomalous position of relying upon the constitutionality of the survival statute for the very life of their lawsuit and on the other hand attempting to strike down that part of it which excludes damages for pain and suffering. Were it not for the survival of personal injury actions afforded by the statute, appellants' liability would have terminated upon the Bucklins' deaths. Thus it is plain to see that the statute extends rather than infringes upon constitutionally preserved rights. The extension, however, is not of sufficient breadth to support appellees' awards for pain and suffering. The right to damages for pain and suffering after the death of a plaintiff in a personal injury action was nonexistent at common law and is neither preserved in nor granted by the Constitution.

■ Appellees rely on Rule 25(a) of the Rules of Civil Procedure, 16 A.R.S., as authority for their position that damages for pain and suffering are recoverable when an action has been commenced. We do not agree with their interpretation. This rule, providing for substitution of the proper parties if a party dies and the claim is not thereby extinguished, implements procedurally A.R.S. § 14–477.

Appellees cite Schrey v. Allison Steel Mfg. Co., 75 Ariz. 282, 255 P.2d 604 (1953), as authority for their contention that the disallowance of damages for pain and suffering of a deceased person violates the privileges and immunities clause of the Arizona Constitution as it does not operate uniformly upon all members of a class and is capricious and arbitrary.

The proviso applies to personal injury plaintiffs who die prior to recovery of damages for pain and suffering. Appellees have neither shown that it fails to operate uniformly upon all members of that class nor have they shown the unreasonableness of the classification. The Legislature apparently contemplated that once an injured'

person is dead he cannot benefit from an award for his pain and suffering. The Arizona Supreme Court said in the Schrey case:

"In looking to the object of the Act, if it is found that there is a difference between the class favored and others not included therein and that such difference bears a natural and reasonable connection with the object of the Act, such Act will not be stricken down. In judging the reasonableness of the foundation for classification, if the court is in doubt as to whether there is or is not a reasonable basis, such doubt will be resolved in favor of the constitutionality of the law." 75 Ariz. at 286, 255 P.2d at 606.

For the reasons herein stated, the judgment is modified by excluding therefrom the damages allowed for pain and suffering.

KRUCKER, C. J., and MOLLOY, J., concur.