413 P.2d 576

**Lucy Fay EADES and Roy B. Eades, husband and wife, Appellants,**

**v.**

**J. P. HOUSE, Appellee.***

**No. I CA–CIV 10.**

Court of Appeals of Arizona.

April 26, 1966.

* This appeal was filed with the Arizona Supreme Court and assigned that Court's Number 7453. The matter was referred to this Court pursuant to Section 12–120.23 A.R.S.

Evans, Kunz & Bluemle, by Donald R. Kunz, Phoenix, for appellants.

Lewis, Roca, Scoville, Beauchamp & Linton, by D. W. Grainger, Phoenix, for appellee.

CAMERON, Judge.

This is an appeal from an order denying plaintiff's motion for new trial after a jury verdict in favor of the defendant in an action for injuries sustained by Mrs. Eades in an automobile accident. After the trial, but before the appeal could be heard, the injured Mrs. Eades died and defendant moved to dismiss said appeal.

We are called upon to determine whether an action for pain and suffering may survive the death of the injured person when death occurs during an appeal from a judgment of the lower court disallowing the claim of said person injured. We are also called upon to determine the effect of the instructions of the lower court concerning contributory negligence and the admission of certain evidence.

The facts as are necessary for a determination of the matter on appeal are as follows: On or about 15 January, 1957, the plaintiff, Lucy Fay Eades, sustained personal injuries while driving an automobile down an incline near Inspiration, Gila County, Arizona. Lucy Fay Eades together with her husband brought suit and alleged that the accident was as a result of the carelessness and negligence of the defendant driving his car into the rear of plaintiffs' automobile. The testimony of Lucy Fay Eades was to the effect that she was forced to stop to avoid hitting a dog in the street. She also testified that she was driving carefully and slowly because of a number of small school children who were on the sidewalk. Plaintiffs claimed an amount as and for pain and suffering, as well as $2,-249.94, for medical expenses incurred at the time of filing the complaint plus an estimated $2,000.00 in additional medical expense. Trial was held before a jury and on 28 March, 1961, the jury found for the defendant and against the plaintiffs. From a

denial of plaintiffs' motion for new trial, plaintiffs brought this appeal.

After perfecting the appeal, but before oral argument, plaintiff, Lucy Fay Eades passed away, and the defendant moved to dismiss the appeal because of the death of the plaintiff.

 We will first concern ourselves with the effect of the death of the plaintiff, Lucy Fay Eades, upon the appeal. Arizona statutes state:

> "Every cause of action, except a cause of action for damages for breach of promise to marry, seduction, libel, slander, separate maintenance, alimony, loss of consortium or invasion of the right of privacy, shall survive the death of the person entitled thereto or liable therefor, and may be asserted by or against the personal representative of such person, *provided that upon the death of the person injured, damages for pain and suffering of such injured person shall not be allowed.*" 14–477 A.R.S.

We have recently stated in construing this statute (14–477 A.R.S.) that a cause of action for pain and suffering does not survive the death of the person injured. Harleysville Mutual Insurance Company v. Lea, 2 Ariz.App. 538, 410 P.2d 495 (1966), Harrington v. Flanders, 2 Ariz.App. 265, 407 P.2d 946 (1965). It is clear that had Lucy Fay Eades died after the accident, but before trial, that her cause of action would have abated by reason of her death. It is also generally agreed that had she prevailed in the court below, that her cause of action would have become merged in the judgment, and that the judgment would survive even though the original action was one that would not survive prior to judgment. As has been stated:

> "In the ordinary case, the death of a party after the plaintiff obtains a judgment in the trial court does not preclude further litigation of an appeal, since the cause of action merges in the judgment, and the action does not abate though the original action was one that would not

survive. However, if the judgment from which the appeal or error proceeding is taken is for the defendant, the plaintiff has obviously never succeeded in reducing his cause of action to a judgment and * * * if the cause of action is one which would not survive, it ceases to exist upon such death." 4 Am.Jur.2d, Appeal and Error, Section 279, page 773.

The cause of action of the plaintiff for pain and suffering remains a cause of action for pain and suffering until it is reduced to a judgment. There being no judgment in the instant case for and on behalf of plaintiff for her pain and suffering, the cause of action abates upon her death. It is no more illogical for the legislature to provide that the action shall abate upon the death of the plaintiff where, as in the instant case, the plaintiff dies while the matter is on appeal from a defendant's verdict, than to provide that the plaintiff's cause of action abates upon death after the accident, but before a trial on the merits may be had in the matter.

For the above reasons, the motion to dismiss as to the appeal concerning pain and suffering should be granted. The allegation in the complaint for actual medical or special damages does, however, survive the death of the plaintiff, and we now consider the appeal in relation to this claim.

 Plaintiff objects to the instructions given by the court concerning contributory negligence. Defendant's requested Instruction Number 8 which was given, reads in part as follows:

> "* * * Further, one who is guilty of contributory negligence *may not recover from another for the injuries suffered.* The reason for this rule is not that the fault of one justifies the fault of another, but simply that there can be no apportionment of blame and damages among the agents participating in and causing the injury complained of." (Emphasis ours).

We do not feel that this correctly states the law in Arizona concerning an instruction on

**248**

contributory negligence. Our Supreme Court has stated:

> "We have approved instructions that if a jury finds plaintiff guilty of contributory negligence it should find for the defendant. (citation) The form given here was that it *may* so find. We think the preferable form is that in the event of contributory negligence the jury 'should' find for the defendant. This form more accurately advises the jury of its duty. Since under our decisions a verdict for the plaintiff is permissible irrespective of the strength of the evidence concerning plaintiff's negligence, and the jury under the law as announced may decide the issue for plaintiff even though the evidence clearly shows he was guilty of contributory negligence, we cannot say that the court committed reversible error by phrasing the instruction permissibly with the word 'may'." Layton v. Rocha, 90 Ariz. 369 at 371, 368 P.2d 444 at 445 (1962).

The instruction in the instant case was approved and given by the trial court prior to the holding in Layton v. Rocha, supra. As the instructions do not allow the jury to find for the plaintiffs even though there is a finding by the jury of contributory negligence on the part of the plaintiff Lucy Fay Eades, they constitute fundamental and reversible error. Trojanovich v. Marshall, 95 Ariz. 145, 388 P.2d 149 (1963), Vegodsky v. City of Tucson, 1 Ariz.App. 102, 399 P.2d 723 (1965).

Appellant next raises questions concerning the admission by the trial court of evidence that the plaintiff Lucy Fay Eades had employed counsel to bring suit as a result of two previous accidents (in 1941 and 1956), as well as the amount of damages demanded and the fact that insurance was involved in the 1941 accident. Since the matter is being dismissed as to the pain and suffering of the plaintiff Lucy Fay Eades, we do not feel it necessary to rule on the matters that are purely personal to her.

The appeal is dismissed as to the claim of the plaintiff Lucy Fay Eades for pain and suffering, and the matter is reversed and remanded to the court below for new trial upon the amount of actual damages sustained. Appellant is given 30 days next following the issuance of the mandate in which to substitute a proper party plaintiff, pursuant to Rule 73(t) (2), Rules of Civil Procedure, 16 A.R.S.

STEVENS, C. J., and WARREN L. McCARTHY, Judge of the Superior Court, concur.

NOTE: Judge FRANCIS J. DONOFRIO having requested that he be relieved from consideration of this matter, Judge WARREN L. McCARTHY was called to sit in his stead and participate in the determination of this decision.