Margaret COLEMAN, et al., Plaintiffs,

v.

Robert McLAREN, et al., Defendants.

No. 78 C 2117.

United States District Court,
N. D. Illinois, E. D.

Sept. 23, 1981.

Richard Cowen, Chicago, Ill., Douglas A. Slansky, William K. Baschen, Hooper, Bowers, Carney, Wiedel & Slansky, Downers Grove, Ill., Donald M. Flayton, Wildman, Harrold, Allen & Dixon, Edward Butt, Jr., Robert L. Shuftan, Herbert Lee Caplan, Asst. Atty. Gen., William J. Scott, Atty. Gen. of Ill., Chicago, Ill., James R. Schirott, Samelson, Knickerbocker & Schirott, Des Plaines, Ill., Robert Masini, Asst. State's Atty., Waukegan, Ill., for defendants.

Louis S. Goldstein, Vitell, Greenfield, Johnson, Goldstein & Gubbins, Jeffrey Lerner, Lerner, Shimberg & Reiss, Jack Uretsky, Fitch, Even, Tabin, Flannery & Welsh, Ronald Futterman, Pressman & Hartunian, Chicago, Ill., for plaintiffs.

SHADUR, District Judge.

## MEMORANDUM OPINION AND ORDER

In its June 26, 1981 memorandum opinion and order (the "Opinion") this Court granted the motion of plaintiff Adolph Pigeaud ("Pigeaud") for entry of judgment against defendant Robert McLaren ("McLaren") under Fed.R.Civ.P. ("Rule") 68. Pigeaud has now moved for entry of final judgment under Rule 54(b) and for the inclusion of attorneys' fees in the "costs and expenses" to which Rule 68 entitles him. For the reasons stated in this memorandum opinion and order:

(1) Pigeaud's motion for entry of final judgment under Rule 54(b) is granted.

(2) Pigeaud's request for inclusion of attorneys' fees in his Rule 68 "costs and expenses" is denied.

This is a putative class action brought by six DuPage and Lake County, Illinois homeowners (Pigeaud among them) who claim the real property tax assessments in the two counties violate their Fourteenth Amendment due process and equal protection rights. On December 13, 1978 McLaren made a Rule 68 Offer of Judgment (the "Offer") of $1.00 plus costs and expenses. On March 20, 1981 Pigeaud "accepted" the Offer and on April 3, 1981 filed his motion for entry of judgment. McLaren resisted Pigeaud's motion, asserting the Offer was no longer enforceable at the time of Pigeaud's purported acceptance. In the Opinion this Court granted Pigeaud's motion and:

1. held that the portion of the Offer disclaiming any liability on McLaren's part would be included in the judgment;

2. denied Pigeaud's request for inclusion of a Rule 54(b) determination in the judgment (no showing having been made to support such a determination); and

3. declined, pending any further submission, to rule on Pigeaud's claim that the judgment entitles him to costs *including* a reasonable attorney's fee.

Pigeaud's current motion re-raises the latter two issues.

### Judgment Under Rule 54(b)

Rule 54(b) states in part:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Pigeaud asserts that entry of a Rule 54(b) judgment is appropriate with respect to his claim (that claim having been resolved by the Rule 68 judgment awarded to him in

the Opinion) because "there is no just reason for delay." In support of his contention Pigeaud urges that the controversy between him and McLaren will not "arise again" in this litigation, subsequent proceedings cannot "moot" his judgment and there is no counterclaim against Pigeaud or any other factor that would warrant retaining Pigeaud in this action. Finally Pigeaud argues that he "is entitled to reimbursement of his cost advances before inflation further erodes the value of his money."

■ In its discretion—exercised of course within the constraints of Rule 54(b)—a district court may determine that final judgment should. be entered as to one claim in a multiple-claim action. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980). But as this Court noted in the Opinion, Rule 54(b) requests are not to be granted as a matter of course. *Great American Trading Corp. v. I.C.P. Cocoa, Inc.*, 629 F.2d 1282, 1286 (7th Cir. 1980); *Local P–171, Amalgamated Meat Cutters and Butcher Workmen of North America v. Thompson Farms Co.*, 642 F.2d 1065, 1071–72 (7th Cir. 1981). District courts "making such entries have been required to state specific reasons in support of their conclusion that an immediate appeal was necessary" (*Great American Trading*) and to "weigh the virtues of accelerated judgment against the possible drawbacks of piecemeal review" (*Local P–171*).

McLaren correctly observes that the principal reason courts have denied Rule 54(b) determinations is the concern expressed in *Great American Trading*: avoidance of piecemeal review. From that premise he argues that such denial is required here:

> It is undisputable [sic] that in this case the issues have been subject to influence from decisions of both the court of appeals and U.S. Supreme Court. In such litigation, with its far reaching consequences and ever increasing numbers of plaintiffs and plaintiff's counsel, the likelihood of appeal of other issues is promising.

In short McLaren urges that the possibility of a future appeal on issues wholly unrelated to Pigeaud—whose entire interest in this litigation is resolved by entry of the Rule 68 judgment—precludes his obtaining a Rule 54(b) judgment. Such an interpretation would of course make Rule 54(b) meaningless. As long as any claim in an action remains pending, a future appeal is possible on a matter other than the earlier judgment. If that possibility, without more, were to bar separate appeal of a wholly distinct and resolved claim, Rule 54(b) could never be invoked.

Instead the rationale for rejecting piecemeal review is best understood in terms of the specific factors identified in *Curtiss-Wright Corp., Local P–171* and other authorities—whether:

1. certification would result in unnecessary appellate review;

2. claims finally adjudicated are separate, distinct and independent of any other claims;

3. review would not be mooted by future developments in the case; and

4. the nature of the claims is such that the appellate court will not have to decide the issues more than once even if there are subsequent appeals.

Thus an appeal is not "piecemeal" simply because subsequent appeals may be forthcoming on distinctly different issues. In essence the diverse factors identify when judicial economy would be disserved by permitting an interim appeal, an analysis that has acquired the shorthand "piecemeal" label.

■ In that light Pigeaud's request for a Rule 54(b) determination is persuasive. By entry of the Rule 68 judgment in his favor he has been completely severed from any possible effects of a lawsuit that, despite its age, is some years away from resolution.[1] Pigeaud's claim is separate and distinct from those of other plaintiffs and putative

---

1. Because of the impact of *Rosewell v. LaSalle National Bank*, 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981) the parties are back at Square One, with an amended complaint having been tendered and challenged on legal grounds by the defendants.

class members and is wholly resolved by entry of the judgment. No counterclaims have been tendered against him. Because Pigeaud was the only plaintiff to accept McLaren's Offer, and that Offer is no longer effective, no subsequent claim of any other plaintiff will involve the same issues (including the issue next decided in this opinion). Pigeaud and McLaren are entitled to seek review of the Opinion and this opinion without having to await the outcome of years of now-unrelated litigation. Accordingly, in accordance with Rule 54(b) this Court expressly determines that there is no just reason for delay and expressly directs that final judgment be entered in favor of Pigeaud.

### Attorneys' Fees Under Rule 68

Under Rule 68 Pigeaud is entitled to "costs then accrued" ("then" of course refers to the time the Rule 68 offer was made). McLaren specifically referred to that provision in the Offer, which was for one dollar and "all costs and expenses provided for [in Rule 68] . . . ." Pigeaud maintains that Rule 68 "costs" include a reasonable attorney's fee and has submitted a bill of costs requesting a fee award.

First, the Opinion has already stated that Pigeaud's contention is not supported by the Rule 68 award of attorneys' fees in *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981), where the defendant's offer had specifically "include[d] attorney's fees," *id.* at 1148 n.2. Moreover *Delta Air Lines* was a Title VII case, where the statute entitles a prevailing plaintiff to "a reasonable attorney's fee as a part of the costs." 42 U.S.C. § 2000e–5(k). Neither of those factors operates in Pigeaud's favor here.

Pigeaud advances several other cases as supporting the award of attorneys' fees as a part of Rule 68 costs. *Scheriff v. Beck*, 452 F.Supp. 1254 (D.Colo.1978); *Coop v. City of South Bend*, 635 F.2d 652 (7th Cir. 1980); *Coyote v. Roberts*, 502 F.Supp. 1342 (D.R.I. 1980). In each of those decisions the award

of attorneys' fees was made under the substantive law involved (such as the Title VII provision) and not under the terms of Rule 68 itself.

Thus Pigeaud has cited no authority concluding that *by its own terms* the Rule 68 "costs" provision includes attorneys' fees. Given the universal American Rule that "costs" do not embrace attorneys' fees unless expressly provided for, this Court rejects Pigeaud's construction of Rule 68.

Alternatively Pigeaud urges that attorneys' fees should be awarded under 42 U.S.C. § 1988:

In any action . . . to enforce a provision of [42 U.S.C. §§ 1983 or 1985] . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs.

No such exercise of discretion is called for here, because Pigeaud is plainly not a "prevailing party" under Section 1988. He sought injunctive and declaratory relief and damages from the named defendants. By securing a Rule 68 judgment for $1.00 he did not obtain, in whole or in part, *any* of that relief. Moreover the judgment *expressly* disclaims any admission of liability on McLaren's part. Even apart from Pigeaud's failure to secure relief, he cannot be said to have won his battle from McLaren in any sense.

In determining whether a plaintiff has "prevailed" for Section 1988 purposes where no decision on the merits has been rendered, the Court's task is to determine whether the basic objective of the plaintiff's suit has been achieved in any significant manner. *Bonnes v. Long*, 599 F.2d 1316, 1319 (4th Cir. 1979). For example, if the plaintiff has "provid[ed] substantial benefits to other named plaintiffs and to members of the [class]" he or she may properly seek fees under Section 1988. *Dawson v. Pastrick*, 600 F.2d 70, 79 (7th Cir. 1979).[2] Pigeaud's Rule 68 judgment did not make him a prevailing party under that standard: Neither he nor any of the remaining plain-

**2.** It is also familiar doctrine that a settling plaintiff may also be said to have "prevailed" for purposes of a fee award. *Harrington v. DeVito*, 656 F.2d 264 at 266–67 (7th Cir. 1981).

tiffs enjoys any significant benefit as a result.  Accordingly he has offered no basis for an award of attorneys' fees.

*Conclusion*

This Court expressly determines, in accordance with Rule 54(b), that there is no just reason for delay and expressly directs that final judgment be entered in favor of Pigeaud.  His motion for an award of attorneys' fees under Rule 68 is denied.  Pigeaud is directed to submit a bill of costs, consistent with this memorandum opinion and order, on or before October 2, 1981.