Margaret COLEMAN, et al., Plaintiffs,

v.

Robert McLAREN, et al., Defendants.

No. 78 C 2117.

United States District Court,
N.D. Illinois, E.D.

Oct. 4, 1983.

See also 92 F.R.D. 754; 98 F.R.D. 638.

Jack L. Uretsky, Ronald L. Futterman, James G. Bradtke, Hartunian, Futterman & Howard, Marshall Patner, Chicago, Ill., for plaintiffs.

Frona C. Daskal, Asst. Atty. Gen., Neil F. Hartigan, Atty. Gen. of Ill., Chicago, Ill., James R. Schirott, John T. Elsner, Schirott & Elsner, Itasca, James C. Bakk, Asst. State's Atty., Waukegan, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Nine Lake and DuPage County taxpayers have brought this class action[1] under 42 U.S.C. § 1983 ("Section 1983") and the Fourteenth Amendment against officials and governmental bodies involved in the real estate tax assessment systems of all Illinois counties other than Cook.[2] Count I of the plaintiffs' Second Amended and Supplemental Complaint (the "Complaint") attacks those systems as violative of the Illinois Constitution and the federal constitutional guaranties of due process and equal protection. Complaint Counts II, III and IV seek damages.

With the class issues having been resolved, State Defendants have moved under Fed.R.Civ.P. ("Rule") 12(b)(6) to dismiss the Complaint for failure to state a claim upon which relief can be granted.[3] They advance three reasons for dismissal:

1. No "case or controversy" is involved, as required by Article III of the Constitution.

2. Allegations of the Complaint are legally insufficient because they are vague and conclusory.

3. This Court should abstain from acting because, as a matter of law, the State of Illinois offers "plain, speedy, and efficient" remedies for plaintiffs' alleged injuries.

Each of these grounds will be considered in turn.

### Article III Justiciability Requirements

■ State Defendants contend (Mem. 3) "plaintiffs' real complaint is against the Illinois legislature, which has promulgated the statutes by which the State defendants are bound.... [T]hese defendants do no more than interpret and enforce the state tax laws." That argument is a total irrelevancy in Article III terms.[4] It is elementary Eleventh Amendment law that a state official may be sued in equity for actions that implement an unconstitutional state law—a law that necessarily found its origin in the legislature. *See Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

■ Here the Complaint alleges (1) the manner in which each State Defendant implements the state property tax system and (2) actual injury to the plaintiff classes by that system. Each state official that implements the system visits the complained-of injury on plaintiffs (or at least threatens to do so). Any complaint that alleges actual or threatened injury as a result of illegal (here unconstitutional) conduct by defendants states a justiciable case or controversy.

---

1. On July 5, 1983 (in "Opinion I") this Court certified two plaintiff classes:
   (a) all overassessed Lake County taxpayers and
   (b) all overassessed DuPage County taxpayers.
   It denied certification of various defendant classes.

2. Surviving defendants are:
   (a) "County Defendants": DuPage and Lake Counties; DuPage and Lake County Boards of Review; certain members of the County Boards; the Supervisor of Assessments in each County; Downers Grove and West Deerfield Townships in DuPage and Lake Counties, respectively; and the assessor in each Township; and
   (b) "State Defendants": Supreme Court Justice Daniel P. Ward ("Justice Ward"); the Illinois Property Tax Appeal Board ("PTAB"); the PTAB Chairman; and the Attorney General of Illinois.

3. This Court has deferred State Defendants' Rule 12(b)(1) motion (requiring a factual determination whether Illinois remedies are "plain, speedy and efficient," 28 U.S.C. § 1341) and County Defendants' Rule 12(b)(6) motion as to the damage counts, pending resolution of the current motion.

4. Are State Defendants inviting still another amended Complaint, this time naming the members of the Illinois General Assembly as defendants? This sprawling action has lacked focus far too long already (its amorphous form long antedated its reassignment to this Court).

*Duke Power Co. v. Carolina Environmental Study Group,* 438 U.S. 59, 81–82, 98 S.Ct. 2620, 2634–35, 57 L.Ed.2d 595 (1978); *Warth v. Seldin,* 422 U.S. 490, 498–99, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975).

■ One State Defendant merits special comment: Justice Ward, a single Justice of the Illinois Supreme Court.[5] Plaintiffs allege that Court's interpretation of Illinois law in denying relief from wrongful property tax assessments is federally unconstitutional.

At first blush the notion of such an action against the highest level of the state judiciary seems bizarre. Surely the Illinois Supreme Court will adhere to a definitive ruling[6] as to the impact of the Constitution on one of that court's lines of authority—that after all is what the Supremacy Clause means. Yet the case law teaches it is permissible to seek declaratory or injunctive relief against state judges despite the doctrine of judicial immunity. *Person v. Ass'n of the Bar of the City of New York,* 554 F.2d 534, 537 (2d Cir.), *cert. denied,* 434 U.S. 924, 98 S.Ct. 403, 54 L.Ed.2d 282 (1977) (declaratory relief); *Littleton v. Berbling,* 468 F.2d 389, 406–08 (7th Cir.1972), *rev'd on other grounds sub nom. O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974) (injunction); *Mudd v. Busse,* 68 F.R.D. 522, 531 (N.D.Ind.1975) (Eschbach, J.) (equitable or declaratory relief).

But Justice Ward is sued individually, not in a representative capacity. And the Justices of the Illinois Supreme Court act only collectively, not individually. Consequently this Court's upholding of the Complaint against Justice Ward is conditioned on plaintiffs' joinder of the other Justices as co-defendants.[7]

### Sufficiency of the Complaint's Allegations

■ State Defendants urge the Complaint is so vague it does not meet even the lenient standards of notice pleading. They say (Mem. 3) "plaintiffs' allegations against the State defendants are little more than legal conclusions and pure speculation."

Such an argument is seldom meritorious, given the principles exemplified by *Conley v. Gibson,* 355 U.S. 41, 47–48, 78 S.Ct. 99, 102–03, 2 L.Ed.2d 80 (1957) and its progeny. And this Court has already found (Opinion I at 3–4) the Complaint "alleges at great length the specific improprieties on each defendant's part. . . ." No more need be done to withstand dismissal.

State Defendants also attempt to distinguish cases holding a cause of action may lie against state officials for failure to remedy wrongful property tax assessments. They state (R.Mem. 3) the wrongs suffered by the plaintiffs in *Township of Hillsborough v. Cromwell,* 326 U.S. 620, 66 S.Ct. 445, 90 L.Ed. 358 (1946), and *Sioux City Bridge Co. v. Dakota County,* 260 U.S. 441, 43 S.Ct. 190, 67 L.Ed. 340 (1923), are greater than those alleged here. That argument is at best premature (after all, only the pleadings are at issue now) and at worst groundless.[8]

### Abstention Because of Adequacy of State Remedies

■ State Defendants claim *Rosewell v. LaSalle National Bank,* 450 U.S. 503, 101 S.Ct. 1221, 67 L.Ed.2d 464 (1981) and this Court's decision in *Axelrod v. Earhart,* 565 F.Supp. 549 (N.D.Ill.1983) require abstention from taking jurisdiction over plaintiffs' challenge to Illinois' tax assessment sys-

---

**5.** Originally plaintiffs named Justice Ward as a representative of a class of all Illinois judges sitting outside of Cook County that aid in implementation of the State's property tax system. Opinion I denied certification of that class.

**6.** This should not be misunderstood as a reference to this Court's decision. It refers of course to a final determination in the federal court system.

**7.** It is hoped the Illinois Attorney General will then file his appearance and responsive pleading for the newly-named defendants without the need for issuance of process.

**8.** State Defendants do not explain just how greater or lesser damages affect the viability vel non of a cause of action. In any case that inquiry can await another day.

tem.[9] But those cases held only that their respective plaintiffs had not *proved* the absence of "plain, speedy and efficient" Illinois remedies.

By contrast, on the current Rule 12(b)(6) motion all that is at issue is the sufficiency of plaintiffs' jurisdictional allegations, not the truth of those allegations. In those terms Complaint ¶¶ I–14, I–15 and I–16, which describe the respects in which Illinois remedies are inadequate, surely suffice. Indeed this Court earlier ruled in *Axelrod* (Feb. 2, 1982) that even a simple allegation that "Illinois does not provide a plain, speedy and efficient remedy for wrongful tax assessments and levies" withstands a Rule 12(b)(6) motion.

### Conclusion

State Defendants have further protracted this already overripe litigation by a barren Rule 12(b)(6) motion. At the October 5, 1983 status call the parties are expected to address means of dealing with substance, not form.

---

**9.** *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) abstention is inapplicable here because the declaratory and injunctive relief sought is not directed at pending state prosecutions as such. *See Mudd,* 68 F.R.D. at 532, citing *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975).