97 N.J. Super. 58 (1967)
234 A.2d 252
LOUIS REDICK, PLAINTIFF,
v.
ROHM & HAAS CO., DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided October 2, 1967.
*59 Mr. Ira J. Zarin for plaintiff (Messrs. Zarin & Maran, attorneys).
Mr. Hugh J. O'Gorman for defendant (Messrs. Cunneen & O'Gorman, attorneys).
STAMLER, J.S.C.
This matter is before the court on plaintiff's application to amend the complaint to join the general administratrix and the administratrix ad prosequendum as party plaintiff in place of the original plaintiff, Louis Redick, who has died since the institution of the action, and to add a count under the Death Act, N.J.S. 2A:31-1.
The accident upon which the complaint was based occurred on June 24, 1964. A complaint was filed by the then living plaintiff on October 28, 1965. On March 28, 1966 he died.
Defendant, in opposing the motion, takes the position that the cause of action for wrongful death is barred since it is sought to be filed almost three years after the happening of the alleged negligent act, June 24, 1964. It asserts that if the interpretation accorded the wrongful death statute by plaintiff is correct, namely, that suit may be instituted within two years of the date of death regardless of the date of the accident, a defendant may find himself subject to litigation at any point, three years, five years or even ten years after the injury, contrary to the firm policy of the statute of limitations.
*60 N.J.S. 2A:31-1 reads as follows:
"When the death of a person is caused by a wrongful act, neglect or default, such as would, if death had not ensued, have entitled the person injured to maintain an action for damages resulting from the injury, the person who would have been liable in damages for the injury if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured and although the death was caused under circumstances amounting in law to a crime."
N.J.S. 2A:31-3 prescribes the limitation of death actions as follows:
"Every action brought under this chapter shall be commenced within 2 years after the death of the decedent, and not thereafter."
In Turon v. J. & L. Construction Co., 8 N.J. 543 (1952), the Supreme Court recognized the right of plaintiff to sue both for personal injury claims and for wrongful death in the same action.
In Kotkin v. Caprio, 65 N.J. Super 453 (App. Div. 1961), certification denied 34 N.J. 470 (1961), the court followed Turon to the effect that both actions may be maintained simultaneously and said:
"Under our statutes, when the injured person dies as a result of the accident while he still has a cause of action for his injuries, the cause of action for his injuries passes to his estate, while a new and separate cause of action, with its own statute of limitations, arises in favor of the beneficiaries named in the Death Act. [citing cases]." (at p. 458)
In Kotkin the facts were as follows: the accident occurred on May 2, 1957; plaintiff died June 13, 1957; the wrongful death action complaint was filed May 29, 1959. A personal injury action was also started on May 29, 1959, but admittedly it was barred by the statute of limitations. The court stated that although the personal injury claim was barred, the wrongful death action was not. It is well settled in New Jersey that where the injured party dies after the expiration of the period of limitations for instituting *61 an action for personal injuries, without having brought such an action, no right of action for wrongful death under the Death Act vests in the administratrix ad prosequendum and the statutory beneficiaries, notwithstanding that in some respects the Death Act gives to them a new cause of action. Biglioli v. Durotest Corp., 44 N.J. Super 93, 105 (App. Div. 1957), affirmed 26 N.J. 33 (1958).
However, in the present case plaintiff did in fact start his suit for personal injuries within two years of the accident. It must be held that his cause of action for personal injuries was preserved by the filing of the complaint within two years. Since he during his lifetime did not permit his right of action to expire, the estate now has two years from his death to complete the action by the general administratrix and to sue by the administratrix ad prosequendum for wrongful death. Therefore, plaintiff continues to have his cause of action for personal injuries and may amend the complaint to join the general administratrix and administratrix ad prosequendum and to include a count under the Death Act.
Plaintiff is directed to submit an order within ten days with consent as to form or settle upon notice.