**John D. McDANIEL, et al., Plaintiffs,**

**v.**

**JOHNS–MANVILLE SALES CORP., et al., Defendants.**

**No. 77 C 3534.**

United States District Court, N. D. Illinois, E. D.

June 24, 1982.

John C. Bulger, Doris Adkins, Cooney & Stenn, Chicago, Ill., for plaintiffs.

James Ozog, John E. Passarelli, Clausen, Miller, Gorman, Caffrey & Witous, P. C., Chicago, Ill., for Hooker Chemicals & Plastics Corp.

Richard R. Ryan, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for Bell Asbestos Mines, Ltd.

Clarold L. Britton, Patrick J. Phillips, Jenner & Block, Chicago, Ill., for Asbestos Corp., Ltd.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Defendants Asbestos Corporation, Ltd. ("ACL"), Bell Asbestos Mines, Ltd. ("Bell") and Hooker Chemicals & Plastics Corp. ("Hooker") move pursuant to Fed.R.Civ.P. ("Rule") 56 for summary judgment as to a number of individual plaintiffs on statute of limitations grounds. For the reasons stated in this memorandum opinion and order those motions are granted.[1]

■ Defendants were all brought into this lawsuit with the filing of plaintiffs' Second Amended Complaint October 17, 1978. Personal injury actions in Illinois are subject to a two-year statute of limitations. Ill.Rev.Stat. ch. 83, ¶ 15. That two-year statute of limitations applies even though most of the plaintiffs are presenting actions under the wrongful death and survival statutes.

As to the Survival Act claims, *National Bank of Bloomington v. Norfolk & Western Ry. Co.*, 73 Ill.2d 160, 172, 23 Ill.Dec. 48, 52, 383 N.E.2d 919, 923 (1978) says:

> The Survival Act does not create a statutory cause of action. It merely allows a representative of the decedent to maintain those statutory or common law actions which had already accrued to the decedent before he died.

Thus if the Johns-Manville employees' claim would be barred by the two year statute of limitations so would their representatives' actions under the Survival Act.

That is true under the Wrongful Death Act as well. It is true the Wrongful Death Act literally says an action is timely if filed within two years of the death. Ill.Rev.Stat. ch. 70, § 2. But a recent Illinois Appellate Court opinion held a wrongful death action barred because the decedent would have been barred from maintaining a personal injury suit of his own by the two-year personal injury statute of limitations. *Lambert v. Village of Summit*, 104 Ill.App.3d

---

1. As this Court has advised the parties during one of their many appearances to present other motions in this and other cases consolidated for discovery purposes, no attempt has been made to identify all the plaintiffs (and cases) that pose like problems. It will be left to defense counsel to move for similar orders to the extent they may be appropriate.

1034, 60 Ill.Dec. 778, 433 N.E.2d 1016 (1st. Dist.1982), leave to appeal denied May 28, 1982. Because the Illinois Supreme Court refused to take the case and there is no other indication it would hold to the contrary, this Court is bound by *Lambert* under *Erie v. Tompkins* concepts. *Instrumentalist Co. v. Marine Corps League*, 509 F.Supp. 323, 339 (N.D.Ill.1981); *National Can Corp. v. Whittaker Corp.*, 505 F.Supp. 147, 148–49 n.2 (N.D.Ill.1981).

There is no dispute that all the Johns-Manville employees were injured well before October 17, 1976. Plaintiffs, however, seek refuge in the discovery rule. Thus the question on all these motions for summary judgment is identical: Could plaintiffs reasonably have discovered the existence of a cause of action before October 17, 1976?

Last year the Illinois Supreme Court clarified the nature of the discovery rule within the context of an asbestosis case. It held, *Nolan v. Johns-Manville Asbestos*, 85 Ill.2d 161, 171, 52 Ill.Dec. 1, 5, 421 N.E.2d 864, 868 (1981):

> We hold, therefore, that when a party knows or reasonably should know both that an injury has occurred and that it was wrongfully caused, the statute begins to run and the party is under an obligation to inquire further to determine whether an actionable wrong was committed. In that way, an injured person is not held to a standard of knowing the inherently unknowable . . . yet once it reasonably appears that an injury was wrongfully caused, the party may not slumber on his rights.

Here all the now-deceased employees were aware they had been injured long before October 17, 1976. Plaintiffs are forced to argue that such awareness did not extend, and should not reasonably have extended, to defendants as the cause of such injury.

■ Although defendants' motions involve many separate plaintiffs, they all present one common issue. At some time before October 17, 1976 each of the decedents filed a worker's compensation claim before the Illinois Industrial Commission. On the portion of the claim form that re-quested a description of the accident all the claims had an almost identical version of the following sentence:

> Occupational disease claimed as a result of exposure on the job.

Thus as a threshold matter this Court must determine whether that statement alone indicates awareness sufficient to start the statute of limitations running.

It is true worker's compensation claims are a no-fault proceeding. Employees are compensated for any injury arising during the course of their employment. But even a layman ought to realize if the sort of serious illnesses suffered by plaintiffs were caused by some occupation-related exposure, wrongful conduct was involved. This Court therefore finds the worker's compensation claims filed by plaintiffs demonstrate an awareness both of injury and wrongful causation.

■ But a somewhat more difficult question remains. These summary judgment motions are brought by asbestos suppliers, not Johns-Manville. It might be argued plaintiffs did not discover their cause of action against the asbestos suppliers until they knew it was *asbestos* exposure that caused their injuries. That argument poses a question not really addressed by *Nolan* or any of the other discovery rule cases: Before a statute of limitations starts to run, must a plaintiff be aware not only of injury and wrongful causation, but also of the identity of the defendant?

Both the problem and its solution may be clarified by a simple hypothetical. If someone were walking along the street in an area below the O'Hare Field flight path and were suddenly hit by an object that fell out of the sky, he would know he was injured and such injury was likely wrongfully caused. Would the statute of limitations begin to run immediately or only when he discovered the identity of the party from whose aircraft the object came?

In this Court's view a plaintiff need not know the identity of the potential defendant before the statute of limitations begins to run. Essentially the discovery rule was

designed to aid people who were injured by the wrongful acts of others and yet *through no fault of their own* are unaware of a potential lawsuit. Two situations are typical:

> (a) Someone is injured by the act of another, but the injury does not manifest itself until many years later.
>
> (b) Someone suffers an injury that by itself doesn't indicate it was caused by another's wrongful acts.

But when a person is injured and he knows it was wrongfully caused by the acts of some other person, he then has two years to investigate the situation and determine who is the correct defendant. As the *Nolan* quotation states the purposes of the discovery rule, they are not served by extending it to plaintiffs who know they are wrongfully injured and simply fail to investigate and determine the proper defendants.

That result can also be reached under *Erie v. Tompkins* principles. After all, the discovery rule is a judicially created addition to Illinois' statute of limitations. To date Illinois courts have not expressed or even indicated a third requirement for the discovery rule—knowledge of the identity of one who has wrongfully caused an injury. Absent a holding or a strong signal to that effect, this Court should not so dramatically expand the rule.

■ Unquestionably the worker's compensation claim form demonstrates plaintiffs were aware they had been injured and such injury was wrongfully caused. Plaintiffs might be able to avoid summary judgment if they could demonstrate no one knew asbestos could cause such injuries at the time those claim forms were filed. If that were the case plaintiffs would argue that even with all due diligence they could not have discovered their cause of action against asbestos manufacturers. But this is a motion for summary judgment, not a motion to dismiss. It would be incumbent on plaintiffs to create a fact issue by submitting admissible evidence. On that score they have failed. At best the evidence submitted by plaintiffs (their own depositions) only supports an argument that plaintiffs themselves were not aware asbestos was the cause of their injuries. Nothing submitted to this Court indicates that had plaintiffs investigated the problem they would have been *unable* to discover their potential cause of action against asbestos manufacturers.

■ In a few instances plaintiffs point out defendants have not established the words found on the claim forms were there when signed by the Johns-Manville employees. But once again this is a motion for summary judgment. Everything found on a claim form signed by the Johns-Manville employee is certainly probative, and it is incumbent on plaintiffs to offer admissible evidence demonstrating certain words were not on the form when signed. Plaintiffs have failed to present any such evidence.

■ One final point merits consideration. Plaintiffs contend in some instances the Johns-Manville employee may have known he was wrongfully injured but that does not necessarily mean the representative filing this action had such knowledge. But under the discovery rule the statute of limitations starts to run when a person knows "or reasonably should know" that he has been wrongfully injured. These were not cases of instantaneous wrongful death, where the knowledge of the decedent's successors is the only relevant consideration. Where the now-deceased employee knew or should have known "both that an injury has occurred and that it was wrongfully caused," the discovery clock began ticking. Statutes of limitations are statutes of repose, and the discovery rule represents an equitable tolling of the limitations clock. Defendants should not be disadvantaged by any failures of communication between a decedent and his successors in interest, and nothing in the Illinois case law suggests that the discovery clock once started should itself be interrupted by any such factor.

This Court therefore holds that, absent a showing of some special reason excusing the imputation of a decedent's knowledge (or imputed knowledge under the "should have

known" branch of the discovery rule) to the present plaintiffs, the plaintiffs stand in the shoes of their decedents for purposes of the discovery rule. No such proof has been adduced in any of the cases, and the propositions already announced apply with full vigor.

In light of the principles stated in this opinion, the individual summary judgment motions can be dealt with quickly.

### John McDaniel ("McDaniel")

ACL, Bell and Hooker have moved for summary judgment as to McDaniel. McDaniel was an employee of Johns-Manville and is bringing his own action. Plaintiffs have not contested the motion, and it will be granted.

### Nellie Aker ("Aker")

ACL, Bell and Hooker have moved for summary judgment as to Aker. Aker's husband Virgil Aker filed a worker's compensation claim September 15, 1976. Accordingly summary judgment is appropriate against Aker.

### Drew Barton ("Barton")

ACL and Bell have moved for summary judgment as to Barton. Barton's Survival Act claims against ACL and Bell were dismissed by this Court October 15, 1981 and May 22, 1981 respectively. Barton's husband Elmer Barton filed a worker's compensation claim December 31, 1975. Summary judgment is also appropriate as to Barton.

### Marjorie George ("George")

ACL and Bell have moved for summary judgment as to George. Plaintiffs have by letter advised this Court they are not contesting ACL's motion. George's Survival Act claim against Bell was dismissed by this Court May 22, 1981. In addition George's husband Walter George filed a worker's compensation claim July 20, 1976. Accordingly summary judgment is appropriate against George.

### Roy D. Grissom, Roy H. Grissom and Denise Grissom

Plaintiffs' original complaint named Roy H. Grissom—the Johns-Manville employee—and his wife Denise Grissom. On March 24, 1978 Roy H. Grissom died and on July 2, 1981 Roy D. Grissom, the administrator of Roy H. Grissom's estate, was substituted as a plaintiff. ACL and Bell have moved for summary judgment against all the Grissoms. Roy H. Grissom filed a worker's compensation claim May 11, 1976. Summary judgment is appropriate as to the Grissoms as well.

### Savannah Hawthorne ("Hawthorne")

ACL and Bell have moved for summary judgment as to Hawthorne. Hawthorne's Survival Act claims against ACL and Bell were dismissed by this Court on the same dates as the Barton claims. Hawthorne filed a worker's compensation claim December 17, 1975. Therefore summary judgment is appropriate against Hawthorne.

### Nellie Scott ("Scott")

ACL and Bell have moved for summary judgment as to Scott. Scott's Survival Act claims against ACL and Bell were dismissed by this Court on the same dates as the Barton claims. Scott's husband Leonard Scott filed a worker's compensation claim February 6, 1976. In addition Scott filed her own worker's compensation claim with the above discussed accident description June 3, 1976. Accordingly summary judgment is appropriate as to Scott.

### Lyle Cameron ("Cameron")

ACL has moved for summary judgment against Cameron. Cameron filed a worker's compensation claim July 27, 1976. Summary judgment is thus appropriate as to Cameron.

### Costah Stidham ("Stidham")

ACL has moved for summary judgment as to Stidham. Stidham's Survival Act claim against ACL was dismissed by this Court October 15, 1981. Stidham filed a worker's compensation claim March 17,

1976. Consequently summary judgment is appropriate as to Stidham.

### Conclusion

There are no genuine issues of material fact, and the defendants referred to in this opinion are entitled to judgments as a matter of law, as to each of the specified plaintiffs. Accordingly defendants' summary judgment motions under Rule 56 are granted.