673 P.2d 385

Marie CHAPMAN, James Chapman, Clarence Chapman and Myrna Farnsworth, Plaintiffs-Respondents,

v.

CARDIAC PACEMAKERS, INC., Defendant-Petitioner.

No. 14537.

Supreme Court of Idaho.

Sept. 22, 1983.

Rehearing Denied Dec. 29, 1983.

R. Vern Kidwell, Holden, Kidwell, Hahn & Crapo, Idaho Falls, Denise M. Wiley, St. Paul, Minn., for defendant-petitioner.

Isaac McDougall, McDougall & Gardner, Pocatello, Linda Miller Atkinson, Philo, Atkinson, Steinberg, Walker & White, Detroit, Mich., for plaintiffs-respondents.

HUNTLEY, Justice.

The question presented, on certification from the federal district court, is whether, in a wrongful death action, the statute of limitations begins to run from the date of death or from the date of the injury from which death resulted. Heirs of the deceased brought the action alleging death resulted from the placement of a defective cardiac pacemaker in the deceased. The pacemaker was inserted on September 4, 1979, and the alleged failure occurred on September 19, 1979. Death occurred on October 2, 1979. The action was not brought until September 29, 1981, more than two years after either placement of the pacemaker or its alleged failure, but less than two years after decedent's death.

Idaho recognizes a right of action in the heirs of a person whose death was caused by the negligence of another. I.C. § 5-311. However, that statute makes no provision for limitations on wrongful death actions. The general statute of limitations which applies to professional malpractice and personal injury actions also applies to actions "to recover damages ... for the death of one caused by the wrongful act or neglect of another." I.C. § 5-219(4). That section provides for a period of two years to begin with *accrual* of the cause of action:

"The cause of action shall be deemed to have accrued as of the time of the occurrence, act or omission complained of, and the limitation period shall not be extended by reason of any continuing consequences or damages resulting therefrom

or any continuing professional or commercial relationship between the injured party and the alleged wrongdoer ...."

The question of what event begins the period of limitation, the person's death or the injury causing the death, has been much discussed in case law. The determination is mainly one of statutory construction, and as might be expected, varies among states according to their particular statutory language. Statutory provisions have been generally classified into four groups:

"(1) those which merely state that the action must be brought within a specified time period, without fixing any initiatory point, (2) those which specify that the action must be brought within a certain time from the date of death, (3) those which speak of a certain time from the accrual of the cause of action, and (4) those which speak of a certain time from the date of injury or from the date of the negligent act." 97 A.L.R.2d 1151, 1153. (Footnotes omitted.)

As to the first three of the above categories, the great majority of cases have held that the date of death is controlling. Surprisingly, even in jurisdictions where the statute specified the period of limitation should run from the date of injury or negligent act, a number of cases have held that the date of death determines when the period begins to run. *See, e.g., Larcher v. Wanless,* 18 Cal.3d 646, 135 Cal.Rptr. 75, 557 P.2d 507 (1976); *Palmertree v. Genesee Memorial Hospital,* 102 Mich.App. 683, 302 N.W.2d 279 (1981). *See also,* 97 A.L.R.2d 1151.

I.C. § 5-219 begins the statutory period of limitation at the time the cause of action accrues, and as noted above, defines accrual as the "time of the occurrence, act or omission complained of." However, the law is clear that a cause of action for wrongful death accrues on the death of the injured party, and not before. *Hogan v. Hermann,* 101 Idaho 893, 623 P.2d 900 (1980); *Russell v. Cox,* 65 Idaho 534, 148 P.2d 221 (1944). This is so because the cause of action did not accrue to the decedent. As this court stated in *Whitley v.*

*Spokane Ry. Co.,* 23 Idaho 642, 132 P. 121 (1913), *aff'd,* 237 U.S. 487, 35 S.Ct. 655, 59 L.Ed. 1060 (1915),

> "[T]he action is allowed upon the theory that the wrongful death of the ancestor works a personal injury to his heirs, in that it deprives them of some pecuniary or other benefit which they would have received except for the death of the ancestor. The statute *confers this right of action on the heirs ....*" 23 Idaho at 659, 132 P. 121. (Emphasis added.)

The cause of action which accrues to an injured person during his lifetime is altogether separate from the cause of action accruing to the person's heirs should he die from that injury. *Russell v. Cox, supra.* Therefore, the "occurrence" giving rise to the cause of action is the decedent's wrongful *death,* and the statute of limitations must date from that event.

It is urged by Cardiac Pacemakers that since an action by the heirs of a deceased could only be brought if the deceased could have brought an action himself, based on the theory of the 1846 Fatal Accidents Act (commonly referred to as Lord Campbell's Act) from which the Idaho wrongful death statute is taken, *Helgeson v. Powell,* 54 Idaho 667, 34 P.2d 957 (1934), the cause of action is derivative of the decedent's cause of action, or at least is limited by the statute dating the period from the injury causing death. The logic of the latter approach is that since the limitation period had run on the cause of action dating from the implanting of the pacemaker, or its failure, the decedent could not have brought suit at the time this action was filed, and thus the heirs could not have brought suit. However, the rule that heirs can bring an action only if the deceased could have is merely a means of indicating that Lord Campbell's Act did not enlarge the scope of tort liability but simply created a new cause of action based on the same conduct. In other words, the death must have been "wrongful" to the same degree conduct causing injury must be wrongful to be actionable. *Northern Pac. Ry. Co. v. Adams,* 192 U.S. 440, 24 S.Ct. 408, 48 L.Ed. 513 (1904).

We hold that the "occurrence, act or omission" which I.C. § 5–219 defines as the accrual of a cause of action refers to the death of the person, caused by the wrongful acts of another, and the running of the statute of limitation on the wrongful death cause of action begins from the date of death.

DONALDSON, C.J., and BAKES and BISTLINE, JJ., concur.

SHEPARD, J., dissents without opinion.