**Mary G. ADAMS, surviving widow of Frank Herbert Adams, Frankie Adams and Fred M. Adams, Plaintiffs,**

v.

**ARMSTRONG WORLD INDUSTRIES, INC.; Celotex Corporation; Eagle-Picher Industries, Inc.; Fibreboard Corporation; Forty-Eight Insulation, Inc.; Johns-Manville Sales Corporation; Nicolet Industries, Inc.; Owens-Illinois, Inc.; Owens-Corning Fiberglas Corporation; Pittsburgh Corning Corporation; GAF Corporation; Standard Asbestos Manufacturing and Insulating Company; Unarco Industries, Inc., Defendants.**

**Civ. No. 80–4161.**

United States District Court,
D. Idaho.

Nov. 1, 1984.

Clark Gasser, Steve Richert, Green, Service, Gasser & Kerl, Pocatello, Idaho, Russell W. Budd, Frederick M. Baron & Associates, P.C., Dallas, Tex., for plaintiffs.

John L. King, Boise, Idaho, Richard B. Evans, Sarah B. Howden, Gudmundson, Siggins & Stone, San Francisco, Cal., for Armstrong World Industries, Inc.

Gary T. Dance, N. Randy Smith, Merrill & Merrill, Chartered, Pocatello, Idaho, for Celotex Corp.

Charles Johnson III, L. Charles Johnson, Johnson & Olson, Chartered, Pocatello, Idaho, for Crown Cork & Seal Co., Inc.

Christopher Burke, Clemons, Cosho & Humphrey, Boise, Idaho, Donald J. Roberts, Gabriel A. Jackson, Winingham, Roberts, Rogie & Fama, San Francisco, Cal., for Eagle-Picher Industries, Inc.

Jeremiah A. Quane, Alan Hull, Jon Carter, Quane, Smith, Howard & Hull, Boise, Idaho, for Fibreboard Corp.

Louis F. Racine, Jr., Gary L. Cooper, Racine, Olson, Nye, Cooper & Budge, Char-

tered, Pocatello, Idaho, for Forty-Eight Insulations, Inc.

Allen B. Ellis, Jon M. Steele, Ellis, Brown, Sheils & Steele, Boise, Idaho, for Keene Corp.

Ron B. Rock, Robert C. Grisham, Moffatt, Thomas, Barrett & Blanton, Chartered, Boise, Idaho, for Nicolet, Inc.

Craig L. Meadows, Wayne B. Slaughter, Edwin V. Apel, Jr., Hawley, Troxell, Ennis & Hawley, Boise, Idaho, for GAF Corp.

Carl P. Burke, Charles L. Hay, Elam, Burke, Evans, Boyd & Koontz, Boise, Idaho, for Owens-Illinois, Inc.

Ronald P. Rainey, David E. Kerrick, Alexanderson, Davis, Rainey, Whitney & Kerrick, Caldwell, Idaho, for Pittsburgh Corning Corp.

Steven R. Matthews, Brady, McDaniel & Matthews, Chartered, Boise, Idaho, for Raymark Industries, Inc.

J. Frederick Mack, Langroise, Sullivan & Smylie, Boise, Idaho, for Standard Insulations, Inc.

## MEMORANDUM DECISION

CALLISTER, Chief Judge.

Before the Court are the defendants' motions for summary judgment based on the running of the statute of limitations and failure of a condition precedent to a wrongful death action. This is a wrongful death/products liability action brought by Mary G. Adams, Frankie Adams, and Fred M. Adams, the surviving widow and heirs of Frank H. Adams, deceased, against thirteen asbestos manufacturers. The plaintiffs' complaint is premised upon the three basic products liability theories, breach of implied warranty, negligence, and strict liability in tort. Jurisdiction is based on diversity.

The deceased was employed from 1940 to 1979 as an insulation worker. From 1966 to 1979 he was employed by Waters Asbestos Company (Waters) and installed insula-

tion products purchased solely by Waters. As an insulation worker, the deceased handled and was exposed to large quantities of asbestos-containing products allegedly manufactured and distributed by the defendant asbestos companies.

It is undisputed that none of Waters' employees, including the deceased, installed asbestos-containing products after 1973. In addition, none of the defendants manufactured or distributed asbestos-containing products after 1975. The plaintiffs do not dispute in their brief, nor did they dispute in oral argument, that the deceased's last exposure to asbestos occurred well over two years before the deceased was diagnosed as having asbestosis and lung cancer (May 1979), and the date of the deceased's death (August 17, 1979). This action was filed December 12, 1980.

All of the defendants have moved for summary judgment in this case based on the running of the statute of limitations and consequent failure of a condition precedent to the plaintiffs' wrongful death action.

This Court is aware that summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. The defendants' asserted basis for summary judgment in the present case may be summarized as follows: The plaintiffs, as the deceased's heirs, are precluded from bringing this action because the deceased's cause of action, as of the date of his death, was barred by the statute of limitations. The defendants contend that a condition precedent to any wrongful death action brought in Idaho is that a deceased be able to maintain an action as of the date of his death.

Thus, the initial inquiry involves the pertinent statute of limitations and its application to the facts in the present case. Section 6–1403(3) of the Idaho Products Liability Reform Act[1] Idaho Code §§ 6–1401 et

---

[1]. The Act applies to all actions filed after July 1, 1980, and thus is applicable to the present case.

However, because the key question, under the condition precedent theory, is whether the de-

seq., provides that no products liability claim "may be brought more than two (2) years from the time that the cause of action accrues as defined in § 5–219, Idaho Code." All parties to this dispute agree that Idaho Code § 5–219(4) is controlling in the present case.

Section 5–219(4) is Idaho's general personal injury/wrongful death statute of limitations. It provides that in all cases except medical malpractice actions involving foreign objects left in the body or the fraudulent concealment of professional malpractice, an action accrues "as of the time of the occurrence, act or omission complained of," and that the action must be brought within two years from the date on which it accrues.

The defendants contend that the deceased's cause of action accrued upon his last exposure to asbestos, which, construing the facts most favorably to the plaintiffs, was sometime in 1973–75. The defendants contend that the language of § 5–219(4) is clear in its meaning and intent and provides no discovery exception. Therefore, the defendants argue that as of the time of his death, the deceased's cause of action was time-barred.

Plaintiffs contend that the Idaho courts would, and should, adopt a discovery rule as to latent diseases such as asbestosis. They argue that the statute of limitations should not begin to run in asbestos cases until a person discovers the disease or should have discovered it in the exercise of reasonable care. While agreeing that Idaho Code § 5–219(4) governs this action, they contend that the Idaho courts would imply a discovery exception for asbestos cases in addition to the two exceptions already contained in § 5–219(4). Plaintiffs argue in the alternative that the key language in § 5–219(4), the "occurrence, act or omission complained of," refers, in asbestos cases, to the time in which the disease is diagnosed. As support for this proposition, the plaintiffs cite a series of Connecticut cases. Plaintiffs argue that as a matter of policy it is unfair to bar an action before the aggrieved party is even aware of the cause of action.

■ This Court is compelled, although not without struggle, to reject the plaintiffs' contentions. The Court finds that § 5–219(4) contains no discovery rule for latent diseases such as asbestosis. This finding is mandated by the decisions of the Idaho Supreme Court and by the clear expression of intent from the Idaho legislature. The legislative and judicial history behind § 5–219(4) are significant in the present case. In that history, the year 1971 is important. In 1971, the Idaho legislature amended § 5–219(4) to include two discovery exceptions. Prior to 1971, on at least two occasions the Idaho Supreme Court created a discovery exception to the version of § 5–219(4) which existed at that time. The first was *Billings v. Sisters of Mercy of Idaho*, 86 Idaho 485, 389 P.2d 224 (1964). In that case the Idaho Supreme Court adopted the discovery rule for situations where a physician left a foreign object in the patient's body. Later, in *Renner v. Edwards*, 93 Idaho 836, 475 P.2d 530 (1969), the court extended the discovery rule to cover medical misdiagnosis. In response to the argument that the extension of the *Billings* discovery rule "should be left to the legislature," the court stated:

*Our legislature did not define the time of accrual as being either the time of the performance of the negligent act or the time of the acquisition of knowledge of the negligent act.* That was done by this court. To adopt the "discovery rule" is to imply the existence of knowledge as a requirement for the accrual of an action and thus supply knowledge as a statutory requirement. Conversely, to reject the rule is to imply that the legislature consider the requirement of knowl-

ceased, *as of the date of his death,* could have maintained an action, the key point in time in the case at bar is August 17, 1979, the date of Mr. Adams' death. Thus, the Product Liability Act would not have applied at that time. This

technicality does not change the analysis in this case, though, because § 5–219(4) was the governing personal injury statute of limitations prior to the Product Liability Act, and under either statute the limitations period is three years.

edge as an element of accrual and deliberately excluded such terminology from the statute. Legislative inaction should not be ignored in determining legislative intent, but to imply such an intent in this case as a result of legislative inaction is unreasonable. *At the moment, our statutes, as most others across this country, are silent as to the interrelationship between "knowledge" and "accrual." We are required to reach a decision without assistance from our legislative brethren.*

*Renner, supra,* 93 Idaho at 840, 475 P.2d at 534 (emphasis added).

Shortly after the *Renner* case was decided, the 1971 Idaho legislature acted to provide the guidance which the *Renner* court had stated was lacking by amending Idaho Code § 5–219(4). This amendment created two discovery exceptions, one for the leaving of a foreign object in a body (codifying the *Billings* holding), the other for fraudulent concealment of a wrongful or negligent act of professional malpractice. The *Renner* discovery rule was not adopted. For cases falling outside these two express exceptions, the amended version of § 5–219(4) provides:

> *[I]n all other actions,* whether arising from professional malpractice or otherwise, the cause of action shall be deemed to have accrued as of the time of the occurrence, act or omission complained of, and *the limitation period shall not be extended by reason of any continuing consequences or damages resulting therefrom . . . .*

Idaho Code § 5–219(4) (emphasis added).

Several Idaho cases decided subsequent to the 1971 amendment have recognized the impact of the amendment and have refused to engraft additional discovery exceptions onto § 5–219(4). *See,* e.g., *Twin Falls Clinic and Hospital Building Corporation v. Hamill,* 103 Idaho 19, 644 P.2d 341 (1982) (no discovery rule in malpractice action against architect); *Owyhee County v. Rife,* 100 Idaho 91, 593 P.2d 995 (1979) (no discovery rule in malpractice action against accountant); and *Martin v. Clem-*

*ents,* 98 Idaho 906, 575 P.2d 885 (1978) (no discovery rule for legal malpractice). In a case decided last year, *Holmes v. Iwasa,* 104 Idaho 179, 657 P.2d 476 (1983), the Idaho Supreme Court again recognized the impact of the 1971 amendment:

> Soon after our decision in *Renner,* and perhaps partly in response thereto, the legislature substantially amended Idaho Code § 5–219(4). ... By amending Idaho Code § 5–219(4), the legislature narrowed the scope of *Renner* and, in large part, defined when a cause of action accrues for the purpose of applying the statutory period of limitations in professional malpractice actions.

*Id.* at 183–84, 657 P.2d at 478–79.

Several cases decided this year by the Idaho Supreme Court and district courts of Idaho reaffirm this interpretation of the 1971 amendment to § 5–219(4). *See Wing v. Martin,* 107 Idaho 267, 688 P.2d 1172 (1984); *Masi v. Seale,* 106 Idaho 561, 682 P.2d 102 (1984); *Murr v. Selag Corporation,* No. 11079, slip op. (5th D.C. Idaho, February 10, 1984). In *Murr,* a state district court decision, the court held that the statute of limitations in § 5–219(4) had run on an indemnity action brought against a professional engineer even though the claimant could not have sought indemnity earlier (i.e., because there is no cause of action for indemnity until the person seeking indemnity has been sued or forced to pay a judgment). The *Murr* court expressly refused to allow a discovery exception to § 5–219(4). *Id.* at 3.

The Court is aware of only one case not in harmony with the above decisions. In *Blake v. Cruz,* No. 14510, slip op. (Idaho, No. 14510, slip op. (Idaho, Sept. 18, 1984), the Idaho Supreme Court recognized for the first time a wrongful birth cause of action and held that the statute of limitations on such an action does not begin to run until the birth of the child. In *Blake,* an action brought by parents against a physician whose negligence resulted in the birth of a child with congenital defects, the court held that the statute of limitations began to run from the date of the birth of

the child, not from the date of the physician's misdiagnosis, reasoning that there are no ascertainable damages from a wrongful birth, and thus no prima facie case of negligence, until the birth occurs.

Against the overwhelming weight of authority to the contrary, the *Blake* case is somewhat of an enigma. The Court concludes that the holding of *Blake* must be narrowly limited to its particular facts. The Court is inclined to agree with Justice Bakes' dissent:

> It is clear that the legislature knows how to draft a statute which provides for accrual of the cause of action at some later time than "the time of the occurrence, act or omission complained of...."

*Id.*, at 33 (Bakes, J., dissenting).

Finally, Judge McNichols of this Court has recently held that there is no discovery rule, under § 5–219(4), in asbestos cases. *See Kellogg v. Johns-Manville Corporation*, Civil No. 80–1192 (D.Idaho, Aug. 21, 1981).

Other factors strongly discourage the adoption of a discovery rule in the present case. First, when the Idaho legislature adopted and enacted the Uniform Products Liability Act (in Idaho entitled the "Idaho Products Liability Reform Act," Idaho Code §§ 6–1401 et seq.) it omitted the discovery provision contained in § 110 of the uniform act and instead cross-referenced to § 5–219(4) to define when a cause of action accrues for purposes of the statute of limitations. Second, Idaho has enacted a statute of limitations applicable to one type of latent disease—ionizing radiation sickness. *See* Idaho Code §§ 5–242 to –244. The existence of this statute combined with the conspicuous absence of any similar statute for asbestosis is further evidence of legislative intent. Also indicative are other discovery rule statutes, Idaho Code § 6–906, part of the Idaho Tort Claims Act, and § 5–218(4), the common-law fraud statute, both containing discovery exceptions.

As a federal court sitting in diversity, this Court is ill-advised to do what the Idaho legislature and the Idaho Supreme Court (with the possible exception of *Blake*) have to this date refused to do. The Idaho legislature has made it clear that there is no discovery rule except where the legislature has expressly and affirmatively allowed such a rule.

The Court finds that the limitation period in § 5–219(4) has run on the deceased's cause of action as of August 17, 1979, the date of his death. Some may regard this ruling to be unjust because under it an asbestos plaintiff may be barred by the statute of limitation before he even knows his cause of action exists. In answer, the Court comments that if the result is indeed "unjust," this Court is not the appropriate forum in which to remedy the injustice. Presumably, the Idaho legislature is capable of weighing and balancing the cost to society of allowing or disallowing this type of lawsuit. Federal judges are not elected by the people and should avoid usurping the function of those who are so elected.

In addition, it is possible that the "injustice" is only apparent and not real. Asbestosis litigation and the threat of such litigation has forced the demise of a number of large companies, including Johns-Manville and Unarco, both currently in bankruptcy proceedings. Thousands of stockholders, most of them as innocent as the present plaintiffs, have and will lose their investments as a result of the thousands of asbestos claims that have been and will be brought. In addition, it may well be "unjust" to hang over a defendant's head the threat of litigation at some far distant date, when witnesses cannot be found and evidence has been lost. Asbestosis has been known to have latency periods of up to forty years.

While this Court does not in any way seek to diminish the gravity of harm suffered by the deceased and his survivors, it also recognizes that other interests are at stake in the present case. In spite of this Court's sympathy for the plaintiffs, it cannot act where the Idaho legislature and Supreme Court have refused to act.

■ Having found the deceased's cause of action barred by the statute of limitations as of the date of his death, the next step in the analysis is to decide whether that fact precludes the plaintiffs, as the deceased's surviving heirs, from maintaining a wrongful death cause of action under the so-called condition precedent rule. The defendants contend that a condition precedent to any wrongful death action brought under Idaho's wrongful death statute, Idaho Code § 5–311, is that the deceased must have been able to maintain an action as of the date of his death. They base this conclusion upon several decisions by the Idaho Supreme Court in which the court held that the decedent's contributory or comparative negligence would preclude a wrongful death suit by the decedent's heirs because the decedent himself would not have been able to recover. The defendants assert that, by analogy, the same rule should apply to the statute of limitations issue. According to this argument, two hurdles must be crossed for a wrongful death plaintiff to be able to sue:

1. The deceased must have been, at the time of his death, within the statute of limitations as to his particular cause of action;

2. The wrongful death plaintiff must bring suit within the prescribed time for a wrongful death action.

The defendants contend that the plaintiffs have failed to surmount the first hurdle.

The plaintiffs concede that Idaho has long followed the condition precedent rule, but contend that a recent decision by the Idaho Supreme Court, *Chapman v. Cardi-*ac Pacemakers, Inc., 105 Idaho 785, 673 P.2d 385 (1983), either overrules the condition precedent defense or limits it only to contributory or comparative negligence situations. *Chapman* held that in a wrongful death action (two-year limitation period in Idaho), the statute of limitations begins to run from the date of the deceased's death, not from the date of the injury which may have caused the death. The argument here is that wrongful death is a separate independent right of action belonging to the heirs and not to the deceased. Plaintiffs assert that no matter how long ago the injurious acts occurred, so long as the heirs file suit within two years of the deceased's death, their action may be maintained.

Necessary to the Court's analysis is a brief comment on Idaho's wrongful death statute, Idaho Code § 5–311. As Professor Prosser indicates, every American state has a statutory remedy for wrongful death. *See* W. PROSSER, *Handbook of the Law of Torts* § 127 at p. 946 (5th ed. 1984). These wrongful death statutes are either (1) survival statutes, which preserve the deceased's cause of action for the heirs while amplifying the amount of damages because of the death; or (2) "death acts" based on Lord Campbell's Act which creates a new cause of action for the death in the deceased's heirs. *Id.* Section 5–311 is of the latter type. *Russell v. Cox*, 65 Idaho 534, 148 P.2d 221 (1944).

The original Lord Campbell's Act, 9 and 10 Vict., ch. 93 (1846), contains an express provision limiting death actions to those cases where the deceased might have recovered damages had he lived.[2] This provi-

---

**2.** The original Lord Campbell's Act provides, in pertinent part:

> [t]hat *whensoever* the death of a person shall be caused by the wrongful act, neglect, or default, and *the act, neglect, or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof,* then and in every such case the person who would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

> Every such action shall be for the benefit of the wife, husband, parent, and child of the person whose death shall have been so caused, and shall be brought by and in the name of the executor or administrator of the person deceased, and in every such action the jury may give such damages as they may think proportioned to the injury resulting from such death to the parties respectively, for whom and for whose benefit such action shall be brought. . . .

Lord Campbell's Act, 9 & 10 Vict., ch. 93, *as quoted in Armijo v. Wesselius*, 73 Wash.2d 716, 440 P.2d 471, 475 (1968) (emphasis added). *See*

sion has been carried over into most American death acts, or has been read into them by implication where it does not expressly appear. W. PROSSER, *supra* at p. 954. This is the case with Idaho Code § 5–311. Though § 5–311 does not expressly contain the above-mentioned provision, the Idaho Supreme Court has consistently read that provision into § 5–311. *See Anderson v. Gailey*, 97 Idaho 813, 822, 555 P.2d 144, 149 (1976); *Clark v. Foster*, 87 Idaho 134, 144–45, 391 P.2d 853, 859 (1964) and cases cited therein. In *Clark*, the court stated:

> It is true that Idaho Code § 5–311 does not contain the proviso common to most wrongful death statutes allowing the heirs to maintain an action for wrongful death only "whenever the wrongful act would have entitled the person injured to maintain an action if death had not ensued." However, for sixty years this jurisdiction and others have uniformly held that the statute should be interpreted as if it continued the above qualification period.

*Id.* at 144–45, 391 P.2d at 859.

Under most, if not all survival statutes, *all* defenses valid against the deceased are valid against his heirs. Under the Lord Campbell "death acts," such as § 5–311, however, the result is not so clear. A leading commentator on the subject of wrongful death states that the question of whether a valid defense against the deceased also precludes the heirs depends upon how a particular state construes its wrongful death act. S. SPEISER, *Recovery for Wrongful Death* § 11.17 at pp. 192–93, vol. 2 (2d ed. 1975). This is particularly so regarding the defense of the statute of limitations:

> The difficulty involved in determining whether the running of the general statute of limitations against decedent before his death bars the right of action for his death is somewhat similar to that involved in the solution of some other problems regarding defenses in actions

for wrongful death—namely, first, whether the wrongful death statute grants a new cause of action for the benefit of the designated beneficiaries or merely provides for a survival of the original cause of action; and, second, whether the statute intends it to be a condition precedent to the right of action that decedent was capable of maintaining an action at the time immediately preceding his death or merely at the time of injury.

> On the one hand, it has been held that a wrongful death action may not be maintained if the personal injury statute of limitations has run against the decedent. This has been the result in some states where the particular statute involved (as was the case with Lord Campbell's Act and its successor statutes) gave a right of action if "the act," causing the death "is such as" would have entitled decedent to maintain an action....

> In other jurisdictions, although decedent fails to bring a personal injury action within the time set by statute, his personal representative is not barred from bringing suit for the death resulting from the injury.

*Id.* at 192–94 (citations omitted).

The Idaho Supreme Court, in line with the majority of courts, has held that where the deceased was contributorily or comparatively negligent, his heirs cannot recover for wrongful death. *See Anderson, supra,* 97 Idaho at 822, 555 P.2d at 149 (comparative negligence); *Clark, supra,* 87 Idaho at 144, 391 P.2d at 859 (contributory negligence); *see also* W. PROSSER, *supra* at pp. 854–55. This court has also so ruled, construing Idaho law in *Kirk v. United States*, 161 F.Supp. 722 (D.Idaho 1958) (Taylor, J.), as has the Ninth Circuit, *Chatterton v. Green*, 375 F.2d 258 (9th Cir. 1967). The heirs are also generally barred in most jurisdictions where the deceased settled with or released the tortfeasor prior

*also* 15A C.J.S., *supra* § 15; 22 Am.Jur.2d, *Death* § 2 (1975) (both discussing Lord Campbell's

Act).

to death. *See, e.g., Walrod v. Southern Pacific Co.,* 447 F.2d 930 (9th Cir.1971); *Libera v. Whittaker, Clark & Daniels,* 20 N.J.Super. 292, 89 A.2d 734 (1952); *Kelliher v. New York Central and H.R.R.,* 212 N.Y. 207, 105 N.E. 824, 825 (1914).

The Idaho Supreme Court has never specifically addressed the question of whether the heirs may maintain a wrongful death action if the deceased, at the date of his death, would have been barred by the statute of limitations. This Court finds that, if faced with the question, the Idaho court would apply the condition precedent rule to the statute of limitations situation, as it has done in situations involving contributory or comparative negligence.

At the outset, the Court recognizes that courts which have decided this issue have not reached consistent results. See the Appendix to this decision for a comprehensive list of cases addressing this specific issue. From the Court's survey of the cases, it appears that the condition precedent rule is the dominant rule. *See Hicks v. Missouri Pacific Railroad Co.,* 181 F.Supp. 648 (W.D.Ark.1960), 22 Am.Jur.2d § 37 at p. 635 (1965 and 1984 supp.) and SPEISER, *supra,* at pp. 193–94, all indicating that application of the condition precedent rule to the statute of limitations situation is the majority rule; *but cf.* W. PROSSER, *supra,* at pp. 912–13. The Court feels that the decisions adopting the condition precedent rule are the most sound.

The most recent cases on the subject have applied the condition precedent rule to bar the heirs' wrongful death action where the deceased was himself barred from bringing an action by the statute of limitations. *See McDaniel v. Johns-Manville Sales Corp.,* 542 F.Supp. 716 (N.D.Ill.1982) (applying Illinois law); *Brubaker v. Cavanaugh,* 542 F.Supp. 944 (D.Kan.1982) (applying Kansas law); *Crownover v. Gleichman,* 194 Colo. 48, 574 P.2d 497 (1977); *Mason v. Gerin Corp.,* 231 Kan. 718, 647 P.2d 1340 (1982); *but cf. Gramlich v. Travelers Ins. Co.,* 640 S.W.2d 180 (Ct.App.Mo. 1982). As the court in *Mason, supra,* noted:

> The possibility that the injured person may die five, ten or even twenty years after the injuries were sustained without having filed suit or otherwise settling the

case would force the party responsible for the wrongful act or omission to defend acts long forgotten and for which evidence and witnesses may no longer be available.

647 P.2d at 1346 (citations omitted). This policy is harmonious with that of all statutes of limitations—to avoid stale claims and their inherent difficulties.

Plaintiffs argue that the Idaho Supreme Court in *Chapman, supra,* either completely or partially overruled the condition precedent defense in Idaho. In *Chapman,* the heirs of the deceased brought suit alleging that death resulted from the placement and failure of a defective cardiac pacemaker in the deceased. The question certified to the Idaho Supreme Court by this Court was "whether, in a wrongful death action, the statute of limitations begins to run from the date of death or the date of the injury from which death resulted." 673 P.2d at 386. The court held that the statute began to run from the date of death. That rule is not in dispute in the present case.

Though the issue was not before the *Chapman* court, it nevertheless made some remarks to the effect that the condition precedent rule would not apply to the situation presented there. Because these remarks are clearly dicta, however, they are not binding upon this or any other court. In *Chapman,* the deceased died within one month of the date of his injury and thus had a valid cause of action at the date of his death, at least valid in regard to the statute of limitations. In contrast, in the present case, the deceased died over five years after his last exposure to asbestos and thus, at the time of his death, his cause of action was time-barred.

The above analysis becomes clear upon looking at a chronology of events in the *Chapman* case and comparing that chronology with events in the present case:

CHAPMAN—

| | |
|---|---|
| Pacemaker Failure | September 19, 1979 |
| Date of Death | October 2, 1979 |
| Suit Filed | September 29, 1981 |

PRESENT CASE—

| | |
|---|---|
| Last exposure to asbestos | 1974 |
| Date of Death | August 1979 |
| Suit Filed | December 1980 |

In both *Chapman* and the present case, the plaintiffs filed suit within the required two years from the deceased's death. In the present case, unlike *Chapman*, however, the deceased was barred by the statute of limitations at the time of his death.

In conclusion, the Court finds that it must grant the defendants' motion for summary judgment. Idaho has no discovery rule for asbestos cases and therefore the general statute of limitations provision in § 5–219(4) operates to bar the deceased's cause of action. The plaintiffs, though their wrongful death action was filed within two years of the deceased's death, cannot maintain this action because of the running of the statute of limitations on the deceased's cause of action. Therefore, a condition precedent to the plaintiffs' maintaining of this suit has failed and this action cannot be maintained.

## APPENDIX

*Cases Applying Condition Precedent Rule*

*Flynn v. New York R.R. Co.*, 283 U.S. 53, 51 S.Ct. 357, 75 L.Ed. 837 (1931) (FTCA case)

*Grbac v. Reading Fair Co.*, 688 F.2d 215 (3d Cir.1982) (applying Penn. law) (dicta)

*Goodman v. Mead Johnson & Co.*, 534 F.2d 566 (3d Cir.1976) (applying N.J. law)

*Walrod v. Southern Pac. Co.*, 447 F.2d 930 (9th Cir.1971) (applying Ariz. law)

*Pieczonka v. Pullman Co.*, 89 F.2d 353 (2d Cir.1937) (applying N.Y. law)

*McDaniel v. Johns-Manville Sales Corp.*, 542 F.Supp. 716 (N.D.Ill.1982)

*Brubaker v. Cavanaugh*, 542 F.Supp. 944 (D.Kan.1982)

*Payne v. Piedmont Aviation, Inc.*, 294 F.Supp. 216 (D.Va.1968)

*Hicks v. Missouri Pac. R.R. Co.*, 181 F.Supp. 648 (W.D.Ark.1960)

*Mendola v. Carborundum Co.*, 26 F.Supp. 359 (D.N.Y.1938)

*Ellis v. Black Diamond Coal Mining Co.*, 268 Ala. 576, 109 So.2d 699 (1959)

*Woodward Iron Co. v. Craig*, 256 Ala. 37, 53 So.2d 586 (1951)

*Matthews v. Travelers Indemn. Ins. Co.*, 245 Ark. 247, 432 S.W.2d 485 (1968) (dicta)

*Crownover v. Gleichman*, 194 Colo. 48, 574 P.2d 497 (1977)

*Milford Memorial Hosp., Inc. v. Elliott*, 210 A.2d 858 (Del.1965)

*Collins v. Hall*, 117 Fla. 282, 157 So. 646 (1934)

*Lambert v. Village of Summit*, 104 Ill. App.3d 1034, 60 Ill.Dec. 778, 433 N.E.2d 1016 (1982)

*Mason v. Gerin Corp.*, 231 Kan. 718, 647 P.2d 1340 (1982)

*Redick v. Rohm & Haas Co.*, 97 N.J.Super. 58, 234 A.2d 252 (1967)

*Coulter v. New Jersey Pulverizing Co.*, 11 N.J.Misc. 5, 163 A. 661 (1932)

*Kelliher v. New York Central & Hudson River R.R.*, 212 N.Y. 207, 105 N.E. 824 (Ct.App.1914)

*Myers v. Plattsburgh*, 13 A.D.2d 866, 214 N.Y.S.2d 773 (1961)

*Piukkula v. Pillsbury Astoria Flouring Mills Co.*, 150 Or. 304, 42 P.2d 921 (1935)

*Howard v. Bell Tele. Co.*, 306 Pa. 518, 160 A. 613 (1932)

*Street v. Consumers Mining Corp.*, 185 Va. 561, 39 S.E.2d 271 (1946)

*Calhoun v. Washington Veneer Co.*, 170 Wash. 152, 15 P.2d 943 (1932)

*Cases Rejecting Condition Precedent Rule*

*Western Union Telegraph Co. v. Preston*, 254 Fed. 229 (3d Cir.1918) (applying Penn. law) *cert. denied*, 248 U.S. 585, 39 S.Ct. 182, 63 L.Ed. 433 (1919)

*Larcher v. Wanless*, 18 Cal.3d 646, 135 Cal.Rptr. 75, 557 P.2d 507 (1976)

*St. Francis Hosp. v. Thompson*, 159 Fla. 453, 31 So.2d 710 (1947) (en banc)

*N.O. Nelson Mfg. Corp. v. Dickson*, 114 Ind.App. 668, 53 N.E.2d 640 (1944)

*Smith v. McComb Infirmary Ass'n*, 196 So.2d 91 (Miss.1967)

*Gramlich v. Travelers Ins. Co.,* 640 S.W.2d 180 (Ct.App.Mo.1982)

*Lawlor v. Cloverleaf Memorial Park, Inc.,* 101 N.J.Super. 134, 243 A.2d 293 (1968)

*DeHart v. Ohio Fuel Gas Co.,* 84 Ohio App. 62, 85 N.E.2d 586 (1948)