Mary G. ADAMS, surviving widow of Frank Herbert Adams, Frankie Adams, and Fred M. Adams; Gloria A. Waters, surviving widow of Ross Greenwood Waters, Jr., David Waters, Teri Thompson, and Dennis Waters, Plaintiffs–Appellants,

v.

ARMSTRONG WORLD INDUSTRIES, Inc., et al., Raymark Industries, Inc., Defendants–Appellees.

No. 87–3784.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 15, 1988.

Decided May 26, 1988.

---

Fred M. Adams, Idaho Falls, Idaho, for plaintiffs-appellants.

Christopher Burke, Clemons, Cosho & Humphrey, Boise, Idaho, for Eagle-Picher Industries, Inc.

Rex Armstrong, Bogle & Gates, Boise, Idaho, for Armstrong World Industries, et al.

Before WRIGHT, PREGERSON and ALARCON, Circuit Judges.

ALARCON, Circuit Judge:

In this diversity action, plaintiffs-appellants Mary G. Adams, Frank H. Adams, Fred M. Adams, (the Adams family) and Gloria A. Waters, David Waters, Teri Thompson, and Dennis Waters (the Waters family) (collectively plaintiffs) appeal from the district court's order granting summary judgment in favor of defendants-appellees Armstrong World Industries, GAF Corp., Celotex Corp., Eagle–Picher Industries, Inc., Fibreboard Corp., Owens–Corning Fiberglas Corp., Owens-Illinois, Inc., Pittsburgh Corning Corp., Turner & Newall PLC, and Raymark Industries, Inc., (collectively Armstrong).

I

Frank Herbert Adams and Ross Greenwood Waters both died of asbestosis resulting from exposure to asbestos. The plaintiffs sued Armstrong for personal injuries to the decedents and for wrongful death.

On November 1, 1984, the district court granted Armstrong's motion for summary judgment against the Adams family. *Adams v. Armstrong World Indus.*, 596 F.Supp. 1407 (D.Idaho 1984). The court held that the appropriate two year statute of limitations for Adams' personal injuries, Idaho Code § 5–219(4) (1979), accrued on the date of last exposure to asbestos and had run. *Id.* at 1410–11. In addition, the court ruled that the Adams family's wrongful death action was barred by their failure to satisfy a necessary condition precedent. *Id.* at 1415. The court, however, failed to address the issue it had raised *sua sponte* during oral argument on the motion for summary judgment: the constitutionality of Idaho Code § 219(4), as applied to asbestosis cases, under article I, section 18 of the Idaho Constitution. The parties had briefed the issue following oral argument.

Acting pursuant to a stipulation between the parties, on November 5, 1984, the district court, in an unpublished opinion, granted Armstrong's motion for summary

judgment against the Waters family on the same grounds as recited in *Adams*.

On November 16, 1984, both the Adams and the Waters families appealed from the district court's orders granting summary judgment. We issued an order consolidating these cases on January 8, 1985. The primary issue on appeal was whether the Idaho statute of limitations for personal injury cases started to run from the date of last exposure to asbestos or from the date the decedent discovered he had asbestosis.

Following oral argument, we filed an order certifying to the Idaho Supreme Court two questions regarding the interpretation of section 219(4) and conditions precedent to Idaho's wrongful death statute. *Waters v. Armstrong World Indus., Inc.*, 773 F.2d 248, 250 (9th Cir.1985). We asked the Idaho Supreme Court whether (1) the heirs could maintain a wrongful death action if the decedent would have been barred at the date of his death from bringing a personal injury action and (2) whether the Idaho statute of limitations contained an implicit discovery exception for asbestosis. *Id.* The Idaho Supreme Court refused certification stating that its prior decisions "are sufficient to give guidance for the determination of the Idaho law involved in this action."

On May 5, 1986, in an unpublished memorandum disposition, we affirmed the district court's summary judgment rulings on the statute of limitations and condition precedent issues. We remanded the issue of the constitutionality, under article I, section 18 of the Idaho Constitution, of the statute of limitations as applied to asbestosis cases.

On remand, the district court concluded that Idaho Code § 5–219(4) is valid under the Idaho Constitution and granted Armstrong's motion for summary judgment. *Adams v. Armstrong World Indus.*, 664 F.Supp. 463, 468 (D.Idaho 1987). The plaintiffs appeal this decision.

II

After the district court entered its ruling in this matter on the constitutionality of section 5–219(4) under the Idaho Constitu-tion, the Idaho Supreme Court, on April 6, 1987, decided *Davis v. Moran*, 112 Idaho 703, 735 P.2d 1014 (1987). The Idaho Supreme Court in *Davis* was faced with an appeal arising out of an action for personal injuries resulting from exposure to radiation. The court in *Davis* addressed a statute of limitations issue similar to that presented in the first appeal to this court in this matter; i.e., whether the statute of limitations began to run from the date of last exposure to radiation or from the date that physical manifestations of an injury caused by exposure to radiation were ascertainable. The Idaho Supreme Court in deciding when the statute of limitations in section 5–219(4) started to run, stated the issue as follows:

There still remains, however, the problem of those injuries, resulting from radiation exposure, which are initiated at one point in time, but by their very nature do not become manifest or fully developed until a later point in time because the destruction of tissue or development of cancer occurs much later. Indeed, it can be said that the injury does not occur at the moment of radiation because, depending on the sensitivity of the person and many other factors, a given dose of radiation may or may not set into motion the chain of events which leads to the real injury some years later, *i.e.*, damage to the tissue either through loss of blood supply or cancer.

*Id.* at 709, 735 P.2d at 1020. The court then held that while its prior cases clearly foreclosed the use of a subjective discovery test, "in cases involving alleged negligent radiation treatment a cause of action does not accrue until the fact of injury becomes objectively ascertainable." *Id.* (footnote omitted). The Idaho Supreme Court defined "objectively ascertainable" to mean that "objective medical proof would support the existence of an actual injury." *Id.* at 709 n. 4, 735 P.2d at 1020 n. 4. The court reversed the lower court's ruling granting summary judgment on the statute of limitations issue, and remanded because the record was unclear as to when the

injury became objectively ascertainable. *Id.* at 709, 735 P.2d at 1020.

In *Werner v. Armerican–Edwards Laboratories,* 113 Idaho 434, 745 P.2d 1055 (1987), the Idaho Supreme Court reaffirmed its decision in *Davis* and applied the objectively ascertainable test in a medical malpractice case. Again the court reversed an order granting summary judgment and remanded the case for further proceedings on the statute of limitations issue. *Id.* at 439, 745 P.2d at 1060. The court noted that the determination of when the injury became objectively ascertainable appeared, "at least on the present record, to be a question of fact for the jury." *Id.*

In *Meyer v. Armstrong World Indus., Inc.,* 820 F.2d 329 (9th Cir.1987), we vacated the district court's order granting summary judgment in a diversity action, governed by Idaho law, for injuries resulting from exposure to asbestos. The district court in *Meyer* held that the statute of limitations had run on the plaintiffs' claims for damages for injuries arising out of exposure to asbestos. *Jenkins v. Armstrong World Indus.,* 643 F.Supp. 17, 25 (D.Idaho 1985). The district court's ruling was based on its previous decision in *Adams,* 596 F.Supp. 1407. *Jenkins,* 643 F.Supp. at 25. In *Meyer,* we remanded "for the district court to determine whether the actions [were] timely under *Davis....*" 820 F.2d 329.

In light of the Idaho Supreme Court's new rulings, although we have previously disposed of the statute of limitations issue in this matter in our May 5, 1986 unpublished disposition, we believe that we must vacate that portion of our judgment and remand this action to the district court for reconsideration of the factual questions presented by the statute of limitations issue. We recently held in *Richardson v. United States,* 841 F.2d 993 (9th Cir.1988), that "an intervening decision of the highest state court in a case governed by state law is grounds for reconsidering the law of the case." *Id.* at 996. In *Richardson,* in the first appeal to this court, we reversed and remanded for a new trial on the ground that "the trial judge had applied the wrong

standard of care under Washington law." *Id.* at 995. Before the district court had held a new hearing in compliance with the remand, "the Court of Appeals of Washington issued an opinion criticizing *Richardson I* as an incorrect interpretation of Washington law." *Id.* In its decision on remand, the district court held that it was bound by the law of the case and could not apply the law as set out in the subsequent Washington appellate decision. *Id.* The second judgment in *Richardson* was also appealed. We reversed and remanded for reconsideration in light of the intervening decision of the Washington court. *Id.* 1000.

In the instant matter, after our determination of the statute of limitations issue, the Supreme Court of Idaho interpreted section 5–219(4) in such a manner that the limitations period does not commence on the date of the tortfeasor's conduct under certain circumstances. Our prior ruling on the statute of limitations issue is inconsistent with the Idaho Supreme Court's interpretation of section 5–219(4) in *Davis v. Moran.* Accordingly, we must vacate our prior ruling in this case.

Because the parties have not had the opportunity to present evidence on the statute of limitations question in light of Idaho's objectively ascertainable test, we must reverse the district court's orders granting summary judgment for Armstrong and remand this action to the district court for determination of the statute of limitations issue in light of *Davis.* In so doing we note that the parties have argued to us that there may be material issues of fact in dispute with regard to the date that the asbestosis condition became objectively ascertainable. In that event, the district court would be precluded from deciding the issue on summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

REVERSED AND REMANDED.